THE STATE OF OHIO, APPELLEE, *v.* YOUNG, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* OSBORNE, APPELLANT.

[Cite as State *v.* Young (1988), 37 Ohio St. 3d 249.]

(Nos. 86-1532 and 86-1728—Submitted May 3, 1988—Decided July 6, 1988.)

*Richard Curtner,* for appellant in case No. 86-1728.

*S. Adele Shank,* for appellants.

DOUGLAS, J. The question certified to this court in the two cases before us today is whether the state, consistent with the First Amendment to the United States Constitution, may outlaw the private possession of child pornography. This question has since been answered in the affirmative in *State v. Meadows* (1986), 28 Ohio St. 3d 43, 28 OBR 146, 503 N.E. 2d 697. The syllabus in *Meadows* reads:

"R.C. 2907.322(A)(5), which prohibits the knowing possession or control of material which shows a minor participating or engaging in sexual activity, masturbation, or bestiality, does not violate the First Amendment to the United States Constitution, as made applicable to the states by reason of the Fourteenth Amendment. (*Stanley* v. *Georgia* [1969], 394 U.S. 557, and *New York* v. *Ferber* [1982], 458 U.S. 747, construed, harmonized and followed.)"

Our ruling in *Meadows* concerned the constitutionality of R.C. 2907.322 (A)(5), while the cases before us today involve a related statute, R.C. 2907.323(A)(3). However, shortly after *Meadows* was decided, this court issued judgment entries in two cases involving R.C. 2907.323(A)(3), both of which were resolved solely on the authority of *Meadows. State* v. *Modeen* (1986), 28 Ohio St. 3d 64, 28 OBR 164, 502 N.E. 2d 634; *State* v. *Robinson* (1986), 28 Ohio St. 3d 65, 28 OBR 165, 502 N.E. 2d 634. Thus, the question certified to this court in today's cases has already been decided.

However, it is well-established that "[c]ertification of the record of a case to the Supreme Court because of conflict between judgments of Courts of Appeals upon any question, brings the

*Ronald J. O'Brien,* city attorney, for appellee.

*Andrea R. Yagoda,* for appellant in case No. 86-1532.

entire case before the Supreme Court for review." *Couk* v. *Ocean Acc. & Guar. Corp.* (1941), 138 Ohio St. 110, 20 O.O. 65, 33 N.E. 2d 9, paragraph one of the syllabus. On this basis, we turn now to a consideration of the remaining issues presented by the cases at bar.

. In addition to the First Amendment issues resolved in *Meadows, supra,* appellants herein raise additional challenges to the constitutionality of R.C. 2907.323(A)(3) which were not addressed in that decision. In determining the validity of these challenges, we must remain mindful that all legislative enactments enjoy a strong presumption of constitutionality. *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E. 2d 59, paragraph one of the syllabus.

Appellants first argue that R.C. 2907.323(A)(3) violates the constitutional prohibition against vagueness and overbreadth. The statute provides in pertinent part:

"(A) No person shall do any of the following:

"* * *

"(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:

"(a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance.

"(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred."

Appellants contend that the statute is overbroad because it sweeps within its ambit other activities that constitute an exercise of constitutionally protected expression. For example, the use of the term "nudity" is challenged as overly broad, since that term encompasses morally innocent states of nudity as well as lewd exhibitions. Thus, it is argued, the statute fails to define in a sufficiently narrow manner the criminal conduct it prohibits. See, *e.g., N.A.A.C.P.* v. *Button* (1963), 371 U.S. 415.

We do not agree with this analysis. The First Amendment doctrine of overbreadth is limited in its application to laws in which the deterrence of protected activities is substantial. Where, as here, a statute regulates conduct rather than pure speech, its overbreadth "* * * must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick* v. *Oklahoma* (1973), 413 U.S. 601, 615. For the following reasons, we find that R.C. 2907.323(A)(3) is not constitutionally infirm on the basis of overbreadth.

It is true that R.C. 2907.323(A)(3) does not expressly limit the prohibited state of nudity to a lewd exhibition or a graphic focus on the genitals. Furthermore, we are aware that "* * * nudity, without more is protected expression * * *," even where the subject depicted is a child. *New York* v. *Ferber* (1982), 458 U.S. 747, 765, fn. 18. However, when the "proper purposes" exceptions set forth in R.C. 2907.323 (A)(3)(a) and (b) are considered, the scope of the prohibited conduct nar-

rows significantly. The clear purpose of these exceptions, quoted *supra,* is to sanction the possession or viewing of material depicting nude minors where that conduct is morally innocent. Thus, the only conduct prohibited by the statute is conduct which is *not* morally innocent, *i.e.,* the possession or viewing of the described material for prurient purposes. So construed, the statute's proscription is not so broad as to outlaw all depictions of minors in a state of nudity, but rather only those depictions which constitute child pornography.

In the area of child pornography, the United States Supreme Court has directed that "[a]s with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the applicable state law, as written *or authoritatively construed.*" (Emphasis added.) *Ferber, supra,* at 764. As we construe it today, R.C. 2907.323 (A)(3) prohibits the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged.

Appellants further argue that R.C. 2907.323(A)(3) is impermissibly vague in that the term "minor" is not defined with sufficient precision. Appellants contend that in using only the term "minor" without elaboration, the statute fails to limit its proscription to "* * * works that *visually* depict sexual conduct by children below a specified age" (emphasis *sic*) as mandated by *Ferber. Id.* at 764. We cannot agree.

A criminal statute is impermissibly vague only where it is so imprecise and indefinite that persons of ordinary intelligence "* * * must necessarily guess at its meaning and differ as to its application." *Columbus* v. *Thompson*

(1971), 25 Ohio St. 2d 26, 54 O.O. 2d 162, 266 N.E. 2d 571, syllabus. See, also, *Connally* v. *General Constr. Co.* (1926), 269 U.S. 385, 391. While R.C. Chapter 2907 does not define the word "minor," this omission is not fatal. Any term which is not defined by a statute is accorded its common, ordinary meaning. *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 62, 4 OBR 150, 152, 446 N.E. 2d 449, 451. We encounter no difficulty in finding the term "minor" to be generally understood as signifying a person who has not yet attained the age of majority. See Webster's Third New International Dictionary, Unabridged (1986) 1439. The age of majority in Ohio is eighteen. R.C. 3109.01. Therefore, the term "minor," as employed in R.C. 2907.323(A)(3), connotes a person under eighteen years of age.

Appellants next argue that R.C. 2907.323(A)(3) lacks a requirement of scienter and is therefore unconstitutional. Appellants rely on the statement of the *Ferber* court at 765 that "[a]s with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant."

Our review of R.C. 2907.323(A)(3) reveals that no particular degree of scienter is specified. The statute differs in this respect from R.C. 2907.321 and 2907.322, which both require "knowledge of the character of the material or performance involved * * *." However, the omission of this element from the delineation of the offense does not render the statute fatally flawed. R.C. 2901.21(B) provides:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense.

*When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.*" (Emphasis added.)

As noted above, R.C. 2907.323(A)(3) does not specify any degree of culpability. Nor does it "* * * plainly indicat[e] a purpose to impose strict liability * * *." Therefore, pursuant to R.C. 2901.21(B), the degree of culpability required to commit the offense is recklessness. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144; *State* v. *O'Brien* (1987), 30 Ohio St. 3d 122, 124, 30 OBR 436, 437, 508 N.E. 2d 144, 146.

The term "recklessness" is defined in R.C. 2901.22(C):

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

This standard of recklessness is sufficient, in our view, to satisfy the requirement in *Ferber* of "some element of scienter." *Id.* at 765. Scienter is the equivalent of guilty knowledge. *State* v. *Jacobellis* (1962), 173 Ohio St. 22, 18 O.O. 2d 207, 179 N.E. 2d 777, paragraph two of the syllabus, reversed on other grounds (1964), 378 U.S. 184. In *Jacobellis,* this court construed the term "knowingly possess," as used in R.C. 2905.34 (since repealed), as including *both* scienter (guilty knowledge) *and* "mens rea" (guilty purpose). *Id.* Thus, scienter may be a lesser standard than that contained in the term "knowingly." We cannot require the state to prove that the defendant possessed the material in question

"knowingly," because innocent motive or purpose is irrelevant to the existence of knowledge as defined in R.C. 2901.22(B). *State* v. *Wenger* (1979), 58 Ohio St. 2d 336, 339, 12 O.O. 3d 309, 311, 390 N.E. 2d 801, 803, fn. 3. By contrast, a motive or purpose may be highly significant to a determination of whether a defendant has violated R.C. 2907.323(A)(3). For example, the "proper purposes" exceptions set forth in R.C. 2907.323(A)(3)(a) excuse possession of otherwise outlawed material where the motive or purpose is innocent. Therefore, the degree of culpability required by R.C. 2907.323 (A)(3) is something less than "knowing" possession.

We note that R.C. 2901.22, which defines the various levels of culpability, ranks "recklessly" just below "knowingly" in degree. R.C. 2901.22(E). The definition of recklessness in R.C. 2901.22(C) speaks of a perverse disregard for a *known* risk. Thus, "some element of scienter" is involved, which is all that *Ferber* requires. Accordingly, we find that recklessness is the culpable mental state required to constitute a violation of R.C. 2907.323(A)(3). Implicit in this requirement is the necessity of proving that the defendant had some notice of the character of the material possessed. Our reading of the statute as a whole clearly indicates that only those who are on notice as to the illicit character of the material are subject to criminal penalties. The inclusion of the proper purposes exceptions demonstrates that criminal liability attaches only where possession can have no legitimate purpose.

The state may prove the required notice by demonstrating, for example, the defendant's attempts to conceal the material or to disguise his ownership, his possession of a massive amount of such material, or the ob-

viousness of the character of the material. *Mishkin* v. *New York* (1966), 383 U.S. 502, 511. The state need not prove that the accused was aware of the *actual content* of the material, but only that he was on notice as to its nature or character. See *State* v. *Burgun* (1978), 56 Ohio St. 2d 354, 363-364, 10 O.O. 3d 485, 490-491, 384 N.E. 2d 255, 262.

Appellant Osborne contends that the trial court erred in overruling his motion for acquittal since the essential element of scienter was not proven at trial. However, our review of the record reveals that appellant never objected to the omission of this element from the charge to the jury. Appellant's own proposed jury instructions were completely silent on the element of scienter. Where a party complaining of error could have called, but did not call, the error to the trial court's attention at a timely juncture, the error is waived. *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364, paragraph one of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911. In such a case, the alleged error may warrant reversal only if it rose to the level of plain error and prejudiced appellant. *State* v. *Adams, supra*, at 153, 16 O.O. 3d at 170, 404 N.E. 2d at 146.

In concluding that the omission of the element of recklessness herein does not constitute plain error, we find support in *Adams, supra*. There, the essential element of recklessness was also omitted from the jury charge without a defense objection. This court held that this omission did not *per se* constitute plain error. *Id.* at paragraph two of the syllabus. A case-by-case approach was adopted, in which the record of the case is reviewed to determine whether a manifest miscarriage of justice will result if the conviction is permitted to stand. *Id.* at paragraph three of the syllabus. Our review of the record reveals that appellant himself testified that he gathered the photographs that were the basis of the charge and mounted them in an album, that he had last looked at the album about six months before, and that he had been told that the subject of the photographs was fourteen years old. The photographs themselves depict a nude boy, obviously a minor, in various lewd poses. Given this state of the record, we have no difficulty finding that the jury would have believed, beyond a reasonable doubt, that appellant was aware of the nature of the photographs in his possession. Accordingly, appellant would still have been convicted if a proper instruction on recklessness had been given, and his conviction must stand. *State* v. *Underwood* (1983), 3 Ohio St. 3d 12, 3 OBR 360, 444 N.E. 2d 1332, syllabus.

Appellant Young contends that the indictment in his case is fatally defective, in that no mention is made therein of any element of scienter. The indictment in question states in pertinent part that Young "did possess material that shows a minor * * * in a state of nudity * * * in violation of O.R.C. § 2907.323(A)(3) * * *." In rejecting appellant's contention, we note that appellant pleaded no contest to the charge in the indictment. A plea of no contest "* * * is an admission of the truth of the facts alleged in the indictment * * *." Crim. R. 11(B)(2). By conceding the truth of the facts set forth in the indictment, appellant admitted that the material that formed the basis for the charge was in his possession. In order to admit that the material described in the indictment was in his possession, appellant necessarily admitted his awareness of the possession, and of the nature, of the material described. Our review of the

record reveals that the photographs in question[1] obviously depict a minor in a state of nudity, which in at least one instance constitutes a graphic focus on the genitals. Appellant's conviction must stand.

Appellants next argue that R.C. 2907.323(A) is unconstitutionally vague because it fails to specify whether the "proper purposes" exceptions set forth in R.C. 2907.323(A)(3)(a) and (b) are negative elements to be proven by the state, or affirmative defenses, which must be proven by the accused. However, we find that the "proper purposes" exceptions are clearly intended to be affirmative defenses.

R.C. 2901.05(C) defines an "affirmative defense" as "* * * either of the following:

"(1) A defense expressly designated as affirmative;

"(2) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence."

Neither R.C. 2907.323(A)(3)(a) nor (b) expressly designates the exceptions contained therein as affirmative defenses. However, the exceptions clearly constitute excuses or justifications for the possession of otherwise outlawed material, as they comprise circumstances under which the possession would be legitimate. The existence or nonexistence of a proper purpose is certainly a matter "* * * peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." While proof of proper purpose may come from objective sources, the accused will know better than any other person whether a proper purpose exists, and will be in the best position to adduce relevant evidence. See *State* v. *Doran* (1983), 5 Ohio St. 3d 187, 193, 5 OBR 404, 409-410, 449 N.E. 2d 1295, 1300. Therefore, we hold that the "proper

---

[1] Appellant Young contends that the court of appeals erroneously considered these photographs since they were not properly admitted into evidence. The photographs were not marked as state exhibits or formally introduced and admitted. However, we agree with the state's argument that it is not necessary to formally mark, introduce and admit items of evidence when a no contest plea is entered under Crim. R. 11 and R.C. 2937.07.

Crim. R. 11 provides in pertinent part:

"(B) Effect of guilty and no contest pleas. * * *

"* * *

"(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint * * *."

R.C. 2937.07 provides in pertinent part:

"If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * *"

Crim. R. 11 requires that the defendant accused of a felony be informed of the effect of a plea of no contest. Crim. R. 11(C)(2). Under R.C. 2937.07, the judge may make a finding of guilty from the explanation of the circumstances. Neither provision requires a formal admission of exhibits.

Our review of the record reveals that the photographs were discussed by the parties at the hearing. They were properly considered by the trial court as part of the explanation of the circumstances of the no contest plea. See *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 9 OBR 438, 459 N.E. 2d 532. As such, they were properly considered on appeal, even though they were not formally admitted as record exhibits.

purposes" exceptions set forth in R.C. 2907.323(A)(3)(a) and (b) are affirmative defenses within the meaning of R.C. 2901.05(C)(2). Accordingly, the burden of proof rests with the accused. R.C. 2901.05(A).

Appellant Young's final argument regarding the constitutionality of R.C. 2907.323 posits that the sentencing provisions of that statute are disproportionate and constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. Young contends that since the offense of possessing material showing nude minors is less serious that the offenses set forth in R.C. 2907.321(A)(5)[2] and 2907.322(A)(5),[3] the punishment should be proportionately less severe. Each of these offenses constitutes a misdemeanor of the first degree unless the defendant has previously been convicted of the same offense, in which case the subsequent offense is elevated to a felony of the fourth degree. See R.C. 2907.321(C), 2907.322(C) and 2907.323(B).

"A punishment does not violate the constitutional prohibition against cruel and unusual punishments, if it be not so greatly disproportionate to the offense as to shock the sense of justice of the community." *State* v. *Chaffin* (1972), 30 Ohio St. 2d 13, 59 O.O. 2d 51, 282 N.E. 2d 46, paragraph three of the syllabus.

R.C. 2907.323(B) does not mandate a minimum sentence. The trial court, in imposing sentence, may exercise a considerable degree of discretion in determining the precise sentence to impose in a particular case. The court is fully empowered to tailor the punishment to the facts of the case before it, utilizing the usual sentencing criteria set forth in R.C. 2929.13 and 2929.22. Thus, while the classification of the offenses is identical, the punishments may vary considerably according to the circumstances of each case. Moreover, the offense of which appellants have been convicted is a morally abhorrent act made possible only through the cruel exploitation of innocent, abused children. By providing for the possibility of a maximum term of imprisonment of six months for first offenders, R.C. 2929.21(B)(1), the legislature intended not only to express the moral outrage of the community, but also to deter the purchase and possession of child pornography, so that the financial incentive to produce such material would be destroyed. The General Assembly has chosen to prohibit possession as a means of combating the sexual abuse and exploitation of our children. *State* v. *Meadows, supra* (28 Ohio St. 3d), at 51, 28 OBR at 153, 503 N.E. 2d at 704. This court is not prepared to state that the punishment imposed for possession of child pornography is disproportionate to the seriousness of the offense.

The First Amendment must re-

---

[2] R.C. 2907.321 provides in pertinent part:

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

"* * *

"(5) Possess or control any obscene material, that has a minor as one of its participants * * *."

[3] R.C. 2907.322 provides in relevant part:

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

"* * *

"(5) Possess or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality * * *."

main inviolate. We do not compromise that statement when we find that obscenity is not protected by the First Amendment. *Roth* v. *United States* (1957), 354 U.S. 476, 14 O.O. 2d 331. Likewise, child pornography also is not, and should not be, protected. The state has a compelling interest in the protection of children. Reasonable laws prohibiting the exploitation of children may be passed by the General Assembly to insure that interest.

Appellant Young next argues that the trial court erred in overruling his motion to suppress the photographs seized pursuant to the search warrant, alleging that the information in the underlying affidavit was stale and failed to establish probable cause for the issuance of a warrant. Specifically, appellant alleges that the information in the affidavit was based on statements from two witnesses, one of whom did not give dates for his observation of alleged child pornography in appellant's home, and another whose observations occurred approximately three months before execution of the warrant. We do not agree that this information was so "stale" that the issuing magistrate had no reasonable basis for believing that the materials observed by the two witnesses would still be found at Young's residence. The affidavit recites in detail the circumstances surrounding the observations of the witnesses. It recites that both informants had been "picked up" by Young, who paid them to perform sex acts and to pose in the nude for photographs; that the area specified is known to the affiant as a "pick up spot" for young male prostitutes; that the witnesses had both observed similar material depicting nude minors in Young's home; and that psychological profiles of pedophiles reveal that they do not destroy their child pornography, but rather re-live their sexual experiences through photographs of previous partners.

The alleged staleness of the witnesses' information does not, in our view, affect the validity of the warrant. We note that the affidavit was sworn to within one week after the first witness was interviewed. Given the facts detailed in the affidavit, the issuing magistrate had probable cause for believing the materials described could still be found where they had been observed. In so finding, we are mindful that affidavits for search warrants "must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. * * * A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *United States* v. *Ventresca* (1965), 380 U.S. 102, 108. Under the circumstances of this case, which involves an offense of a continuing nature, we believe that the facts stated in the affidavit justified a finding of probable cause at the time of the issuance of the warrant. *Sgro* v. *United States* (1932), 287 U.S. 206, 210.

Appellant Osborne also attacks the sufficiency of the affidavit underlying the warrant issued in his case. Osborne contends that the affidavit failed to establish probable cause since the information therein was based on unreliable hearsay, and that the affidavit did not specify the time during which the alleged criminal activity took place. As to the time aspect, appellant's contentions are utterly baseless. In a detailed description of the circumstances giving rise to the affiant's belief that Osborne possessed child pornography, it is stated that a few days before the affidavit was sworn, two witnesses stated that the material in question was *at that time* in the possession of appellant. As to the hearsay element, we note that the use of information based on hearsay is permissible as long as the issuing magistrate is informed of some of the

circumstances underlying the informant's conclusion that the contraband was where he claimed it to be, and why the affiant found the informant credible. *Aguilar* v. *Texas* (1964), 378 U.S. 108, 114. We find that the affidavit in question passes muster on both counts. Both witnesses named appellant and correctly described his whereabouts. Appellant was also described as an "associate" of one of the witnesses who had just been arrested after a search of the premises retrieved a massive amount of child pornography. A cancelled check made out to appellant, showing appellant's address, was also found on the premises, as well as a mailing list containing the name and address of appellant. These facts gave the magistrate a basis for believing that the informants had reason to know that the contraband was where they claimed it to be, and provided corroboration for the affiant's conclusion that this information was worthy of belief. Thus, the affidavit enabled the magistrate to make a neutral determination of probable cause based on the totality of the circumstances. *Illinois* v. *Gates* (1983), 462 U.S. 213.

Appellant Osborne next contends that the photographs seized in the search were improperly admitted into evidence. He seems to argue that the photographs had to be identified and authenticated by the photographer before they could properly be deemed admissible. This argument borders on the frivolous. The relevance of the photographs is not dependent on whether they accurately depict the subject matter portrayed, but on whether appellant possessed the photographs and whether they are the sort of material outlawed by R.C. 2907.323(A)(3). Verification by the photographer would have no bearing whatsoever on these issues.

Appellant Osborne further argues that no proof was offered that the subject in the photographs was a minor. We cannot agree with appellant's contention that the minority of the person depicted was not demonstrated in the evidence. The majority of the photographs speak for themselves. The person depicted is obviously under the age of eighteen by a substantial margin, and a jury would have been clearly justified in finding, beyond a reasonable doubt, that the subject was a minor. As possession of these photographs alone would support appellant's conviction, we need not consider whether the state proved the minority of the subject in the sole remaining photograph.

Appellant Osborne argues that the trial court erred in failing to instruct the jury that the term "nudity" as used in R.C. 2907.323(A)(3) refers to a lewd exhibition of the genitals. However, since appellant neither requested such a charge nor objected to the instructions as given, any claim of error has been waived. Crim. R. 30; *State* v. *Underwood, supra.* Nor does the plain error exception have any relevance here, as the outcome of the trial would clearly have been the same had the trial court instructed the jury that lewdness is a necessary element of nudity under R.C. 2907.323(A)(3), as we hold today. We find that no reasonable juror could believe that the photographs involved herein were anything but a lewd display. See *Underwood, supra,* at syllabus.

Accordingly, based upon the foregoing, the judgments of the court of appeals are hereby affirmed.

*Judgments affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.