### State v. Raper
[Cite as 8 AOA 63]

*Case No. 12076*
*Montgomery County, (2nd)*
*Decided December 6, 1990*

*Steven L. Wagenfeld, Assistant Prosecuting Attorney, Suite 315-Appellate Division, 41 N. Perry Street, Dayton, Ohio 45402, Attorney for Plaintiff-Appellee.*

*Thomas L. Whiteside, 333 West First Street, Suite 236, Dayton, Ohio 45402, Attorney for Defendant-Appellant.*

WOLFF, P.J.

Sherill H. Raper was indicted on four drug related felonies. After unsuccessfully moving to. suppress evidence, he entered pleas of no contest to three of the offenses and was sentenced accordingly. The overruling of his motion to suppress is the basis of this appeal

in which Raper advances a single assignment of error.

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS WHEREIN THE TRIAL COURT FAILED TO TAKE INTO CONSIDERATION THE VERACITY OF THE CONFIDENTIAL INFORMANT WHEN REVIEWING THE SEARCH WARRANT TO DETERMINE IF THERE WAS A SUBSTANTIAL BASIS TO CONCLUDE THAT THE CONFIDENTIAL INFORMANT WAS RELIABLE.

A. FACTORS MANDATING THE SUPPRESSION OF EVIDENCE INFORMATION ATTRIBUTED TO "CONFIDENTIAL INFORMANT" COULD NOT HAVE PROVIDED A BASIS UPON WHICH JUDGE MOORE COULD HAVE LAWFULLY ISSUED A WARRANT.

B. PROBABLE CAUSE TO ISSUE A WARRANT DOES NOT EXIST ABSENT INDEPENDENT CORROBORATION OF THE STATEMENTS ATTRIBUTED TO THE UNNAMED "CONFIDENTIAL INFORMANT" WITH RESPECT TO CRIMINAL ACTIVITIES OCCURRING AT 2759 COZY LANE.

The search in this case was of Raper's residence at 2759 Cozy Lane, Gem City Trailer Park, Moraine, Ohio. The search was conducted pursuant to a warrant, issued by a judge of the Kettering Municipal Court. The warrant was based on an affidavit of Detective Hicks of the Moraine Police Department. The pertinent paragraphs of the affidavit are as follows:

"1. A confidential informant contacted the Affiant and advised that Sherill H. Raper has a large quantity of marijuana at his residence.

"2. Confidential informant stated that he observed the marijuana in the trailer within the past 72 hours.

"3. Confidential informant stated that Raper keeps the marijuana in the first bedroom from the kitchen in a plastic garbage bag.

"4. Confidential informant states that he/she was present during a sale by Raper which occurred in the trailer within the past 72 hours.

"5. Confidential informant states that he/she observed Raper pack the marijuana into one pound amounts and observed no less than twenty one pound packages in the mobile home (2759 Cozy Lane).

"6. Sgt. Wynne advised the Affiant that he is familiar with Sherill Raper and Raper is a known drug abuser.

"7. Sgt. Wynne advised the Affiant that he has received from reliable sources that Raper is involved in drug trafficking and has been for at least two years.

"12. Information obtained from the informant was verified as to vehicles present, description of suspect, Raper, and previous criminal activity thus demonstrating the reliability of the confidential informant."

It is clear from the affidavit that the information about drugs and drug paraphernalia being located at Raper's residence was furnished by the affiant's confidential informant. Although Raper argues that this information was itself insufficient to establish probable cause that drugs were on the premises, Raper's overarching contention is that the affidavit did not provide the municipal judge with sufficient information from which to conclude that the confidential informant was truthful, and in the absence of such information, there was no probable cause to issue the warrant.

We have no difficulty in concluding that the information supplied by the confidential informant, as reflected in paragraphs one through five of the affidavit, was sufficient to enable a neutral and detached issuing judge, assuming for a moment the veracity of the confidential informant, to conclude that there was probable cause to believe that contraband was present at Raper's residence. The information was recent, specific, and based on personal observation.

The more difficult question is whether the affidavit presented the issuing judge with information sufficient to permit a determination as to the veracity of the confidential informant. Raper recognizes, as he must, that the so called "two prong test" first enunciated in *Aguilar v. Texas*, (1964), 378 U.S. 108 and reaffirmed in *Spinelli v. United States* (1969), 393 U.S. 410 has been replaced by a "totality of the circumstances" test. *Illinois v,. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317. Raper contends, however, and we agree, that the *Gates* "totality of the circumstances" test has not completely eliminated the veracity of the confidential informant from the probable cause equation. *Gates, supra,* 233, 2329. Because this warrant was highly dependent upon the information supplied by the confidential informant, the veracity of the confidential informant

should have necessarily been a factor in the issuing judge's determination that probable cause existed. We thus agree with Raper that there had to be some information in the affidavit demonstrating the veracity of the confidential informant. We conclude that the affidavit contained a sufficient amount of such information.

The information contained in paragraph six of the affidavit is based on the personal knowledge of one of the affiant's fellow police officers and is consistent with the information furnished by the confidential informant. The information contained in paragraph seven of the affidavit is from the same fellow police officer and is not only consistent with, but also corroborative of, the information supplied by the confidential informant. Paragraph twelve establishes that the informant was accurate with respect to information he supplied about Raper and the vehicles present at his residence. The detailed, first hand information supplied by the informant was also indicative of the informant's veracity. *Id.* at 234, 2330.

The information contained in the affidavit was not overwhelming. We do find, however, that it was sufficient under *Gates* and under *State v. Young* (1988), 37 Ohio St. 3d 249 at 257-58. We are also guided by the admonition advanced in *States v. Ventresca*, and quoted in *Gates.*

"We also have said that '[a]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants,' *United States v. Ventresca*, 380 U.S. 102, 109 [85 S.Ct. 741, 746, 13 L.Ed. 2d 684] (1965). ***" *Gates, supra,* at 237, fn. 10, 103 S.Ct. 2331, fn. 10.

The trial court did not address the veracity of the confidential informant in its entry overruling the motion to suppress. We have no reason, however, not to accord the trial court the presumption that it understood the requirements of the "totality of the circumstances" test, and considered the sufficiency of the affidavit as it related to the confidential informant's veracity.

The assignment of error will be overruled. The judgment will be affirmed.

WILSON, J., and GRADY, J., concur.