Scott Walker appeals his conviction for the illegal use of a minor in nudity oriented material in violation of R.C.2907.323(A)(1). Walker contends that the Ross County Court of Common Pleas erred in finding that a graphic display of the genitals without lewdness is sufficient to sustain a conviction under the statute. We agree, because the United States Supreme Court and the Ohio Supreme Court ruled that R.C. 2907.323(A) is not unconstitutionally overbroad based upon their findings that "nudity" within the statute refers to lewd photographs, not morally innocent photographs which happen to focus on the genitals. Accordingly, we sustain the assignment of error, reverse the judgment of the trial court, and remand this case to the trial court to enter a judgment of acquittal and release Walker.
The state cross appeals, asserting that the trial court erred in finding that it did not present sufficient evidence that Walker's video was not lewd. Because the state did not file a motion for leave to appeal pursuant to App.R. 5(B), we decline to address the state's assignment of error.
 I.
Walker, his girlfriend, Tyra, and her infant son lived together in a house in Ross County. In the fall of 1996, Walker and Tyra purchased a video camera which they began to use frequently to tape various events, such as the infant boy crawling and playing.
One day, when Tyra's son was between nine and eleven months old, he discovered his genitals for the first time as Tyra changed his diaper. He began grasping his crotch area and laughing. Walker decided to capture the boy's exploration on videotape. However, Walker already had used the videotape in the camera on a separate occasion to shoot footage of Tyra in the nude. Walker labeled the tape containing footage of his nude girlfriend "X-rated: Do Not Watch."
By the time Walker got the video camera to operate, the infant boy's attention had wandered. During the seven minute segment Walker shot of the boy, he and Tyra encouraged the boy's play, using phrases such as "grab your balls" several times. At one point, Tyra held the video camera as Walker reached out and directed the boy's hand toward his crotch. The tape focuses on the boy's genitalia approximately ten times and he is unclothed through the entire seven minute segment. The boy smiles, laughs, and giggles throughout the segment.
Several months later, Tyra's aunt and uncle discovered the videotape and alerted authorities. When confronted about the videotape by police detectives in an uncounseled audio taped interview, Walker denied any perverted or immoral purpose, and stated that his sole purpose in taping the segment was to watch the boy explore and giggle.
The Ross County Grand Jury indicted Walker on one count of endangering children, a violation of R.C. 2919.22, and one count of illegal use of a minor in nudity oriented material, a violation of R.C. 2907.323. At his bench trial, the trial court severed, and later dismissed, the endangering charge. The state presented evidence, uncontroverted by Walker, that Walker and Tyra created the tape, and that the infant boy featured in the seven minute segment of the tape was not Walker's child or ward. The court also admitted into evidence Walker's statement to police.
In a journal entry issued after the trial, the trial court specifically found that the videotape Walker created did not contain a lewd exhibition of a minor in a state of nudity. However, the court also found that, because the videotape focused on the boy's genital area approximately ten times, it contained a graphic focus on a minor's genitals. The court reasoned that State v. Young (1988), 37 Ohio St.3d 249, requires conviction when a defendant photographs a minor, not his child or ward, in a state of nudity, "where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals." (Emphasis added.) Young at paragraph one of the syllabus. The trial court sentenced Walker to the shortest term of imprisonment for a second degree felony, two years.
Walker appeals, asserting that Young (a consolidated decision arising from appeals by defendants Young and Osborne) andOsborne v. Ohio (1990), 495 U.S. 103 (the direct appeal ofYoung to the United States Supreme Court) require a finding that the photograph is lewd in order to satisfy the constitutional requirements for a conviction under the statute. The state cross-appeals, challenging the trial court's finding that it failed to present sufficient evidence to establish that the video Walker took was lewd.
 II.
Walker asserts that, pursuant to Osborne, the state must prove that the video he took of the infant boy was lewd in order to support a conviction under R.C. 2907.323(A). The state asserts that Osborne merely affirmed Young, the Ohio Supreme Court's decision finding that R.C. 2907.323(A)(3) is constitutional. Moreover, the state contends that, pursuant toYoung, "nudity" as used in R.C. 2907.323(A) refers to either lewdness or a graphic display of genitals. See Young at paragraph one of the syllabus. Walker's and the state's differing interpretations of the definition of nudity articulated in Osborne and Young present a question of the law which we review de novo. State v. Ancerson (1995), 100 Ohio App.3d 688,691.
R.C. 2907.323 provides, in relevant part:
(A) No person shall do any of the following:
 (1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:
 (a) The material or performance is * * * presented for a bona fide artistic, medical, scientific, educational, religious, or other proper purpose * * *.
 (b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor * * *.
* * *
 (3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:
 (a) The material or performance is * * * presented for a bona fide artistic, medical, scientific, educational, religious, or other proper purpose * * *.
 (b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor * * *.
In Young, the court held that R.C. 2907.323(A)(3), which, by its plain language, simply prohibits possessing photographs of "a minor in a state of nudity," is not unconstitutionally overbroad. Young at 252. It is well settled that a statute outlawing depictions of nudity, without more, is overbroad because it violates constitutionally protected freedom of expression. New York v. Ferber (1982), 458 U.S. 747, 765. TheYoung court reasoned that, while R.C. 2907.323(A) initially appears overbroad, the "proper purposes" exceptions reveal the General Assembly's intent to sanction materials which are "morally innocent." Id. at 252. Thus, the court held that R.C.2907.323(A)(3) prohibits possessing photographs of a minor in a state of nudity only "where such nudity constitutes a lewd exhibition or involves a graphic focus on the [minor's] genitals." Young at paragraph one of syllabus. Because Young and Osborne possessed lewd photographs of unclothed minors, the Ohio Supreme Court affirmed their convictions.
Osborne appealed the Ohio Supreme Court's finding that R.C.2907.323(A) is not overbroad to the United States Supreme Court. See Osborne, 495 U.S. 103. The United States Supreme Court upheld Young, finding that R.C. 2907.323(A) is not overbroad because the Ohio Supreme Court limited the application of the statute so as to avoid punishing persons who possess innocuous photographs. Osborne at 112.
The state asserts that, because the Young court used the word "or" in its syllabus, and because the United States Supreme Court did not overrule Young, the state can support a conviction with evidence of either lewdness or a graphic portrayal. We recognize that the legal precedent arising from an Ohio Supreme Court case comes from the court's syllabus. However, we also recognize that the opinion of the court provides crucial guidance on interpreting the intent of the court in writing the syllabus. Moreover, in Osborne, the United States Supreme Court relied heavily on the rationale articulated in Young to uphold the Young court's ruling that R.C. 2907.323(A) is constitutional.
The rationale articulated in Young and Osborne reflects that both courts view R.C. 2907.323(A)'s constitutionality as dependant upon its applicability only to nude photographs of minors created or possessed for "prurient purposes." Osborne at 113, fn. 10, citing Young at 252. The Osborne court held that "[t]he crucial question is whether the depiction is lewd, not whether the depiction happens to focus on the genitals or buttocks." Osborne at 112. The court further found that, "[t]he context of the [Young] opinion indicates that the Ohio Supreme Court believed that 'the term 'nudity' as used in R.C. 2907.323(A)(3) refers to a lewd exhibition of the genitals.' " Osborne at 112, citing Young at 258. The Young
court also expressly held that Osborne's trial court erred, albeit not prejudicially, when it failed to instruct the jury "that lewdness is a necessary element of nudity under R.C.2907.323(A)(3)." Young at 258.
Based upon the rationale articulated by the supreme courts of the United States and Ohio, we find that lewdness is a necessary element of nudity under R.C. 2907.323(A)(3). In this case, the trial court found that the video was graphic, because Walker focused on the boy's genitalia on ten occasions during the seven minute tape. However, the court also specifically found that the video did not constitute a lewd exhibition of the boy in a state of nudity. Because the state failed to prove that Walker created a lewd video of the boy, we find that the trial court erred by finding Walker guilty of violating R.C.2907.323(A)(1).
Accordingly, we sustain Walker's assignment of error.
 III.
The state filed a cross-appeal, asserting that the trial court erred when it ruled that the state did not present sufficient evidence to prove that the video Walker created was lewd. The state did not file a motion for leave to appeal as required by App.R. 5(B). We may decline a discretionary appeal by the state when the state fails to move for leave to appeal within thirty days of judgment. State v. Gowdy (1994), 95 Ohio App.3d 628.
Accordingly, we decline to address the state's assignment of error.
 IV.
In conclusion, we find that the trial court erred when it held that lewdness is not a necessary element of nudity as the term is used in R.C. 2907.323(A).
Therefore, we sustain Walker's assignment of error. We decline to address the state's assignment of error. Accordingly, we remand this case to the trial court to enter a judgment of acquittal on the charge against Walker.
JUDGMENT REVERSED.