DECISION
Marvin Moss entered a no-contest plea to one count of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3). The trial court found Moss guilty and sentenced him to three years' community control. Moss appeals, claiming that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence. Moss also contends that the trial court erred in admitting certain evidence in contravention of Evid.R. 404(B) and 403(A).
R.C. 2907.323(A)(3) provides:
(A) No person shall do any of the following:
* * *
 (3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity * * *.
In this case, the indictment charged that Moss "possessed or viewed material or performance, to wit: MOPPETS AND TEENS MAGAZINE, which shows minors who are not [Moss's] children or ward, in a state of nudity * * *." The effect of Moss's no-contest plea was an admission of the truth of the facts alleged in the indictment.[1] If the indictment contained sufficient allegations to state a felony offense, the trial court would have been required to find Moss guilty of the offense.[2]
In his first assignment of error, Moss argues that the indictment's allegations were insufficient to state a felony offense in light of the Ohio Supreme Court's construction of R.C.2907.323(A)(3) in State v. Young.[3] Moss argues that Young
requires an allegation of lewdness or a graphic focus on the genitals in order to state an offense under R.C. 2907.323(A)(3). We agree.
In Young, supra,[4]the Ohio Supreme Court held the following:
 R.C. 2907.323(A)(3) prohibits the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged. [Emphasis added.]
"By limiting the statute's operation in this manner, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous photographs of naked children."[5] The United States Supreme Court held that R.C. 2907.323(A)(3) survived overbreadth scrutiny, because, by restricting the statute's operation to nudity that constitutes lewd exhibition or focuses on genitals, the Ohio Supreme Court had rendered the "nudity" language permissible.[6] Thus, R.C. 2907.323(A)(3) applies only to depictions of nudity that involve lewdness or graphically focus on the genitals.
While the indictment in this case mirrored the statutory language of R.C. 2907.323(A)(3), the indictment failed to allege the judicially engrafted element of the crime as required by Young, that is, lewdness or a graphic focus on the genitals. Therefore, we must conclude that the facts alleged in the indictment were insufficient to state a punishable offense. Furthermore, our examination of the record reveals that the magazine at issue was essentially a 1976 nudist publication. Moss's first assignment of error is sustained, the judgment of the trial court is reversed, and Moss is discharged from further prosecution. Because of our disposition of the first assignment of error, we need not address the remaining assignments of error.
Judgment reversed and appellant discharged.
 Gorman, J., concurs.
Hildebrandt, P.J., dissents.
[1] Crim.R. 11(B)(2).
[2] State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422, 425,662 N.E.2d 370, 373.
[3] (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363, reversed on other grounds in Osborne v. Ohio (1990), 495 U.S. 103, 110 S.Ct. 1691.
[4] Id. at paragraph one of syllabus.
[5] Osborne, supra, at 113, 114, 110 S.Ct. 1691, 1698.
[6] Id. at paragraph two of syllabus.