OPINION
This appeal is before this court pursuant to our grant of the application to reopen the appeal of appellant, Patrick Burrier, concerning his conviction for count two, illegal use of a minor in nudity oriented material or performance.
On July 25, 1997, appellant was indicted on thirty-one counts: count one, corruption of a minor, in violation of R.C. 2907.04(A), a felony of the fourth degree; count two, illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1), a felony of the second degree; counts three to ten, pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5), a felony of the fourth degree; counts eleven to eighteen, pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), a felony of the fifth degree; counts nineteen to twenty-six, illegal use of a minor in nudity oriented material or performance, in violation of R.C.2907.323(A)(3), a felony of the fifth degree; count twenty-seven, possessing criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree; count twenty-eight, aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree; count twenty-nine, possession of drugs, in violation of R.C.2925.11(A)(C)(2)(b), a felony of the fourth degree; and counts thirty and thirty-one, promoting prostitution, in violation of R.C. 2907.22(A)(3), a felony of the third degree.
On July 30, 1997, at the arraignment, appellant entered a plea of "not guilty" to all of the charges. A bench trial took place from October 27, 1997 to October 30, 1997. Brandy, a fifteen-year-old girl, testified that her friend, Melissa, who was sixteen years old, introduced her to appellant in February 1997, when both girls decided to stay with him after running away. During her stay with appellant, Brandy explained that appellant allowed her and Melissa to drink alcohol and smoke marijuana. Appellant also asked Brandy and Melissa whether they wanted to work for him and earn some money. He explained that if they danced for him, they would earn $50 per hour. According to Brandy, appellant stated that "what they would do [the dances] would be processed through the [I]nternet and [appellant] would make his money that way * * *." She understood that to mean that a video of her and Melissa dancing would be shown on the Internet throughout the country.
Brandy also related that there was a time when she danced in a little room in appellant's basement. She believed that the room contained a video camera, a computer, and a television screen because she could see herself dancing. Brandy explained that she initially danced with her clothes on, then appellant suggested that she remove her shirt and bra. She indicated that she danced topless in front of a camera for about two minutes. Brandy recalled that as she was dancing, she touched her breasts with her hands because appellant told her to dance in that manner.
Detective John Hopkins ("Detective Hopkins") took the stand and related that on March 14, 1997, after Brandy and Melissa informed him that appellant had video recorded them while they were dancing in a state of nudity, he obtained a search warrant for appellant's home. Once officers entered appellant's residence, they seized computers, videotapes, computer disks, and controlled substances. However, no video of the dance in question was ever recovered. Detective Hopkins revealed that the officers located "[h]undreds of what appeared to be child pornography images off of the laptop [computer] and disks that were seized at the home."
Appellant was found guilty of: sexual imposition, a lesser included offense of corruption of a minor; illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1); three counts of pandering obscenity involving a minor; eight counts of pandering sexually oriented matter involving a minor; six counts of illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(3); aggravated possession of drugs; and possession of drugs.
On January 8, 1998, appellant was sentenced to six years incarceration, and received a $10,000 fine for illegal use of a minor in nudity oriented material or performance, which is the subject of this appeal. He also received a combination of other sentences to run concurrently with the six-year sentence along with fines.
Appellant filed a notice of appeal with this court on February 4, 1998. On direct appeal, appellant set forth two assignments of error regarding the weight and sufficiency of the evidence to support his convictions. This court affirmed appellant's conviction. State v.Burrier (June 16, 2000), Geauga App. No. 98-G-2126, unreported, 2000 WL 777855. On November 9, 2000, the Ohio Supreme Court denied appellant's motion for leave to appeal from our June 16, 2000 decision. On September 15, 2000, appellant filed an application with this court to reopen his appeal based upon ineffective assistance of appellate counsel. He claimed that the assistant public defender assigned to represent him did not present any argument regarding his conviction for illegal use of a minor in nudity oriented material or performance. Subsequently, on December 7, 2000, this court granted an App.R. 26(B) application for reopening on the grounds of ineffective assistance of appellate counsel. In this appeal, appellant assigns the following as error:
 "The trial court erred by overruling appellant's motion for judgment of acquittal for the offense of illegal use of a minor in nudity oriented material or performance when the state presented insufficient evidence that the material or performance was lewd in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Section 16, Article 1 of the Ohio Constitution."
 Appellant's sole contention is that the trial court erred by overruling his motion for acquittal for the offense of illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1), when there was insufficient evidence presented that the material or performance was lewd. Specifically, appellant claims that in order to secure a conviction under R.C. 2907.323(A)(1), the state must prove that appellant possessed material depicting a lewd exhibition or a graphic focus on the genitals pursuant to Osborne v. Ohio (1990), 495 U.S. 103.
As this court stated in State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 WL 738452, at 4-5:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *'"
 "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 In the case at bar, appellant's arguments concern his conviction for one count of illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1), which states that:
"(A) No person shall do any of the following:
 "(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:
 "(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific * * * purpose, by or to a * * * person * * * having a proper interest in the material or performance;
 "(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used."
 Nudity is defined as "the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple[.] * * *" R.C. 2907.01(H); see, also, State v. Powell (Dec. 15, 2000), Montgomery App. Nos. 18095 and 99-CR-631, unreported, 2000 WL 1838716, at 13. Further, a "minor" is considered anyone under eighteen years of age for purposes of R.C. 2907.323(A)(3). State v. Young (1988), 37 Ohio St.3d 249, paragraph two of the syllabus. The term "lewd" has been defined as "`sexually unchaste or licentious * * * lascivious * * * inciting to sensual desire or imagination * * *.'" State, ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals
(1992), 63 Ohio St.3d 354, 358, quoting Webster's Third New International Dictionary (1986) 1301.
Appellant's argument centers on his claim that the state failed to provide sufficient evidence that the material or performance constituted a lewd exhibition or graphically focused on the genitals.
Here, Brandy testified that appellant asked her and Melissa whether they were interested in working for him and earning money. He explained that if they danced for him, they would earn $50 per hour. Appellant told Brandy that the dances would be processed through the Internet. Brandy further stated that when she danced for appellant in his basement, she initially had her clothes on, but then appellant suggested that she remove her shirt and bra. She danced topless in front of a camera and touched her breasts with her hands at appellant's direction.
Therefore, Brandy's testimony revealed that appellant played a large role in directing her topless dancing. Hence, based on the record before us, we conclude that there was sufficient evidence in the record to establish that appellant created, directed, produced, and transferred the topless dance performance of Brandy, who was a minor. It is our determination that this constituted a lewd exhibition. In addition, Brandy danced "with less than a full, opaque covering of any portion thereof below the top of the nipple."
Moreover, the United States Supreme Court has stated that the government has a legitimate interest in the protection of minors. See NewYork v. Ferber (1982), 458 U.S. 747. Thus, the test for child pornography is separate from the obscenity standard enunciated in Millerv. California (1973), 413 U.S. 15. Miller establishes constitutional guidelines for sexually explicit expression involving adults whereasFerber provides a different standard for sexually explicit expression involving children. Both the Supreme Courts of the United States and Ohio have unequivocally found that children are seriously harmed by the mere possession of pornography in which they are depicted. State v. Maynard
(1999), 132 Ohio App.3d 820, 827; see, also, State v. Meadows (1986),28 Ohio St.3d 43.
Based on the foregoing discussion, this court concludes that there was sufficient evidence to convict appellant of violating R.C. 2907.323(A)(1). Thus, the trial court did not err by overruling his motion for acquittal on this count.
Appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., GRENDELL, J., concur.