Lanzinger, J.,
dissenting.
{¶ 19} I respectfully dissent. In State v. Young, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988), we construed R.C. 2907.323(A)(3), which prohibits possession of nudity-oriented materials involving a minor in a state of nudity, to reach only nudity that either constitutes a lewd exhibition or involves a graphic focus on the genitals. Young at 252. There, we read the statute to focus on child pornography, and we avoided penalizing persons for viewing or possessing innocuous *297 photographs of naked children. The United States Supreme Court agreed that under this interpretation, the statute did not violate the First Amendment. Osborne v. Ohio, 495 U.S. 103, 112-114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).
{¶ 20} Although this case does not directly present a constitutional challenge to R.C. 2907.323(A)(1), which prohibits creation of nudity-oriented materials or performances involving a child, overbreadth in application still is a concern. And we are to avoid a particular statutory interpretation if it would raise serious constitutional problems. See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988).
{¶ 21} I believe that we must apply Young’s statutory interpretation of “nudity” to R.C. 2907.323(A)(1), effectively limiting the definition found in R.C. 2907.01(H), for the reasons stated in Justice O’Neill’s dissent.