O’Neill, J.,
dissenting.
{¶ 22} Respectfully, I must dissent.
{¶ 23} I do not agree that this court should treat the creation of material showing a child in a state of nudity any differently than the possession of it. In State v. Young, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988), we applied the rule that “ ‘nudity, without more is protected expression * * *,’ even where the subject depicted is a child.” (Ellipsis sic.) Id. at 251, quoting New York v. Ferber, 458 U.S. 747, 765, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), fn. 18. I do not believe that the majority sufficiently justifies departing from that rule when the state prosecutes a defendant who created child-nudity-oriented material given that we are bound by that rule when the state prosecutes the individuals who later possess the material. Would this court have allowed Michelangelo to be imprisoned for carving a nude teenage David from marble yet stood by while the patrons of the Galleria dell’Accademia di Firenze went unpunished?
{¶ 24} State v. Young provides us with the legal construct that I believe we must follow. In Young, we considered language in R.C. 2907.323(A)(3) that is essentially identical to the language in R.C. 2907.323(A)(1). We held that while the statute did “not expressly limit the prohibited state of nudity to a lewd exhibition or a graphic focus on the genitals,” the “proper purposes” exception evinced an intent to limit the scope of the prohibition against possession of child-nudity-oriented material to content that may be constitutionally proscribed:
The clear purpose of these exceptions * * * is to sanction the possession or viewing of material depicting nude minors where that conduct is morally *298 innocent. Thus, the only conduct prohibited by the statute is conduct which is not morally innocent, ie., the possession or viewing of the described material for prurient purposes. So construed, the statute’s proscription is not so broad as to outlaw all depictions of minors in a state of nudity, but rather only those depictions which constitute child pornography.
(Emphasis sic.) Young at 251-252.
{¶ 25} Although we did not explicitly say so at the time, I believe that we construed R.C. 2907.323(A)(3) in this way in order to avoid a meaning that would be unconstitutional, whether on its face or in its application. See R.C. 1.47(A). In affirming our interpretation of the statute in Young, the United States Supreme Court indicated that by “limiting the statute’s operation” so that it reached only lewd content or a graphic' focus on the genitals, we “avoided penalizing persons for viewing or possessing innocuous photographs of naked children” that fall within the protection of the First Amendment. Osborne v. Ohio, 495 U.S. 103, 113-114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). See also Ferber at 765, fn. 18. The alternative definition set forth in R.C. 2907.01(H) reaches well into the realm of constitutionally protected innocuous nudity. By applying the statutory definition, the majority has criminalized photographing nude infants absent written parental permission.
{¶ 26} In support of this result, the majority states that the difference between child-nudity-oriented material and child pornography is “a matter of degree, not of kind.” Majority opinion at ¶ 12. For that reason, the majority holds that “the state interests that apply to eliminating child pornography apply to eliminating child-nudity-oriented material.” Id. And armed with those state interests, the majority blesses the definition of “nudity” set forth in R.C. 2907.01(H). I disagree with that approach.
{¶ 27} It is patently false that photography of a nude child is “undeniably harmful” and “undeniably exploitative” in every context. Majority opinion at ¶ 12. Not every act of photography or depiction of a nude minor falls on the same spectrum as child pornography. We have already recognized a difference of kind—not degree—between “morally innocent” depictions of minors in a state of nudity and morally reprehensible prurient depictions. Young, 37 Ohio St.3d at 252, 525 N.E.2d 1363. Indeed, many Ohioans currently possess innocent—or as the United States Supreme Court put it, “innocuous,” Osborne at 113-114— photographs of children in a state of nudity. Uncles, aunts, grandparents, and others take these photographs of their nieces, nephews, and grandchildren. And they do it without parental permission in writing. That R.C. 2907.01(H) cuts so broadly shows that it cannot withstand constitutional scrutiny. And as we did in *299 Young when construing R.C. 2907.323(A)(3), we should give a constitutional meaning to the word “nudity” as it is used in R.C. 2907.323(A)(1).
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and April F. Campbell and Carley J. Ingram, Assistant Prosecuting Attorneys, for appellee.
Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant Public Defender, for appellant.
Michael DeWine, Attorney General, and Eric E. Murphy, State Solicitor, urging affirmance for amicus curiae, Ohio Attorney General.
{¶ 28} This case is difficult because Martin surreptitiously recorded a young girl in a way that suggests he hoped to produce lewd and graphic imagery. But the statute in question goes too far as to the content it proscribes and not far enough regarding the intent of the individual the state seeks to punish. If R.C. 2907.323(A)(1) were limited to apply to those who seek to create child pornography regardless of the moral value of the materials they do create, then perhaps the state’s interest in decreasing or eradicating child pornography would justify a definition of “nudity” as broad as the definition set forth in R.C. 2907.01(H).
{¶ 29} Respectfully, I dissent.