OPINION
 "THE LOWER COURT COMMITTED PLAIN ERROR IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION BY CONVICTING AND MORE PARTICULARLY BY SENTENCING [APPELLANT] ON BOTH COUNTS TO WHICH HE PLEAD BECAUSE THESE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT."
On October 24, 1996, the Toledo Police executed a search warrant at appellant's bar. They seized three computers which allowed bar patrons to view material depicting minors in sexually explicit situations by inserting money into a timing device. The police also seized a computer in the bar's office. A variety of pictures was contained on the computer. Of the four representative samples submitted as the record on appeal, one shows nudity and sexual activity, two show nudity without activity, and a fourth depicts sexual activity where it cannot be discerned whether or not nudity is involved. Appellant was charged with five felonies of the fifth degree. Appellant was charged with two counts of pandering sexually oriented material involving a minor, in violation of R.C.2907.322(A)(2) and (5), one count of illegal use of a minor in nudity oriented material, in violation of R.C. 2907.323(A)(3). He was also charged with two counts of possessing criminal tools, in violation of R.C. 2923.24(A).
Appellant entered Alford pleas to one count of attempted pandering of sexually oriented matter involving a minor, in violation of R.C. 2923.02 and 2907.322(A)(5), and to one count of attempted illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2923.02 and 2907.323(A)(3). The convictions pertained solely to materials on appellant's office computer. Both were misdemeanors of the first degree. A nolleprosequi was entered as to all remaining counts in the indictment. The trial court sentenced appellant to serve a term of incarceration of six months on each count, to be served consecutively.
Appellant argues that R.C. 2941.25 prohibits being convicted and punished for allied offenses of similar import. Appellant asserts that a person cannot attempt to possess pictures of minors engaging in sexual activity without also attempting to possess pictures of nude minors. In short, appellant suggests he is being punished twice for the same act. Appellee contends first that appellant did not object to the convictions and sentences in the trial court. Further, appellee argues that these are not allied offenses because the offenses of pandering sexually oriented matter involving a minor and possessing material depicting minors engaged in nudity each contain an element not present in the other.
Appellant's appeal raises an alleged error which appellant never objected to in the trial court. An appellate court need not consider an error which a party could have brought to the trial court's attention for correction unless it rises to the level of plain error. State v. Williams (1977), 51 Ohio St.2d 112; Crim.R. 52(B). Plain error arises if a person who could only be convicted of one crime as a matter of law is convicted of and sentenced for two crimes.
Appellant's conviction for pandering sexually oriented matter involving a minor was predicated upon R.C. 2907.322(A)(5), which provides in relevant part:
 "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
"* * *
 "(5) Solicit, receive, repurchase, exchange, possess or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality * * *"
Appellant's conviction for illegal use of a minor in nudity-oriented material or performance was based upon R.C.2907.323(A)(3), which provides in relevant part:
"(A) No person shall do any of the following:
"* * *
 "(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity * * *"
Ohio's allied offenses statute, R.C. 2941.25, prohibits multiple punishments for the same criminal conduct to prevent violations of the Double Jeopardy Clauses of the United States and Ohio Constitutions. State v. Fields (1994), 97 Ohio App.3d 337,347, citing North Carolina v. Pearce (1969), 395 U.S. 711, 717. This statute also codifies the doctrine of merger which provides that because a major crime often inherently includes the component elements of other crimes, the component elements are merged into the major crime. State v. Logan (1979), 60 Ohio St.2d 126, 131
(citations omitted) (after determining that kidnapping is implicit in every forcible rape, a court must determine whether the restraint of the victim was incidental to, or significantly independent of, the separate underlying crime of rape). R.C.2941.25 provides in relevant part:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
Courts in Ohio traditionally use a two-tiered test to apply R.C. 2941.25 to determine whether the same act or transaction violates two distinct statutory provisions. The first tier is essentially the "same elements" test to determine whether each offense contains an element not contained in the other, as defined in Blockburger v. United States (1932), 284 U.S. 299
(compare whether each provision requires proof of an additional fact which the other does not); see State v. Rance (Dec. 5, 1997), Lucas App. No. L-96-277, unreported.
The second is a "same-conduct" test. However, this court has previously questioned whether the second test is still viable after the United States Supreme Court expressly rejected it in United States v. Dixon (1993), 509 U.S. 688; see State v.Rance.
The Ohio Supreme Court has defined the two-tiered test as follows:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus (citation omitted).
The Ohio legislature has defined three separate crimes which prohibit portraying minors in sexually explicit situations. All three appear in a subchapter titled "Obscenity" within Chapter 2907, "Sex Offenses", of the Ohio Revised Code.
The first statute, R.C. 2907.321, prohibits pandering obscenity involving a minor. The remaining two are the crimes of which appellant was convicted: R.C. 2907.322, pandering sexually oriented material, and R.C. 2907.323, illegal use of a minor in nudity-oriented material. While R.C. 2907.321 generally prohibits obscenity involving a minor, R.C. 2907.322 and R.C. 2907.323
prohibit specific sexually explicit conduct involving a minor. In contrast, the comparable federal statute in U.S.C. § 2251 et seq. simply prohibits "sexually explicit materials of minors." A definition section explains what conduct is prohibited and includes sexual activity as well as lascivious exhibition of defined parts of a minor's body.
After comparing the elements of the offenses of pandering of matters involving minors engaged in sexual activity and possession of materials involving minors engaged in nudity, the offenses do not correspond to such a degree that the commission of one offense will necessarily result in the commission of the other. R.C. 2907.322(A)(5), pandering sexually oriented material, requires proof that a person possessed material involving a minor engaging in sexual activity, masturbation, or bestiality. Sexual activity is defined in R.C. 2907.01(A)-(C) and does not require nudity or use the word "nudity".
In contrast, R.C. 2907.323 does not require sexual activity, masturbation, or bestiality, but prohibits possession of material involving a minor in a state of nudity. Nudity is defined in R.C. 2907.01(H). Although not stated within that statutory definition, both the United States Supreme Court and the Ohio Supreme Court have concluded that R.C. 2907.323(A)(3) applies only to depictions of "nudity involving a lewd exhibition or graphic focus on a minor's genitals." Osborne v. Ohio (1990),495 U.S. 103; State v. Young (1988), 37 Ohio St.3d 249.
In one photograph submitted for review, a nude minor is engaged in sexual activity, raising a question of whether nudity is incidental to the activity. However, unless we find that the elements of two offenses correspond to the degree that they are allied offenses of similar import, we are not required to examine whether one offense is incidental to the other.
Although we no longer apply the second "same conduct" test, the record does not reveal whether the pictures were downloaded into the office computer on more than one occasion. As pled, however, both offenses were committed simultaneously using one computer. Appellant has argued that because this constitutes one single, inseparable act, he could be charged with only one crime. In support, he cites State v. Abrams (July 8, 1981), Hamilton App. No. C-800410, unreported for the proposition that where two or more obscene publications were included in one sales transaction, he could only be convicted and punished for that transaction, not for the sale of each publication. Unlike this case, however, Abrams was charged with twelve charges of theidentical offense for selling twelve publications in three sales over a period of four days. Here, appellant was not charged with the same offense for each picture.
Based on the representative sample, some photographs within the computer violate the nudity provision of R.C. 2907.323, some violate the prohibition against pandering sexually oriented matter within R.C. 2907.322, and some violate both. If appellant's argument based on State v. Abrams were accepted, an offender could avoid being charged for separate offenses under R.C. 2907.322 and 2907.323 for different types of pictures by ensuring the collection included at least one photograph showing both types of activity. Such a result would defeat the legislature's purpose of defining the crimes separately instead of using a more general statute as is used at the federal level.
Accordingly, appellant's assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.