OPINION
Defendant-appellant Randy Park, Sr. appeals from his conviction of domestic violence which was entered after a bench trial to the Mahoning County Court in Boardman Township. For the following reasons, the judgment of the trial court is affirmed.
On June 24, 1998, appellant's former spouse, Dora Niddel, filed a criminal complaint against him; Ms. Niddel claimed that appellant arrived at her home to exercise his visitation rights with their twelve year old son, Randy. Upon arriving, appellant stated that during summer vacation, he wished to exercise visitation three weeks in a row, rather than two weeks. Randy then stated that he did not want to be with his father at all, let alone for three weeks. It is alleged that appellant then got angry and tried to approach Randy who hid behind his mother, Ms. Niddel. According to three witnesses, appellant grabbed Ms. Niddel by the arms and kneed her in the thighs multiple times. The Boardman Police Department took photographs which depicted multiple bruises on Ms. Niddel's thighs and a bruise on each of Ms. Niddel's arms. Based upon the testimony and photographs, the trial court found appellant guilty of domestic violence, a first degree misdemeanor, and sentenced him to ninety days in jail with eighty-seven days suspended. The within appeal followed.
Appellant's sole assignment of error alleges that the evidence was insufficient to support his conviction; yet, he also argues that his conviction was against the manifest weight of the evidence. First, appellant contends that, even if the testimony against him is believed, the elements of domestic violence were not established by sufficient evidence.
Whether or not the state's evidence is sufficient is a question of law dealing with adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380,386. This court must determine if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Goff
(1998), 82 Ohio St.3d 123, 138, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Hence, a case will only be reversed on the grounds of insufficient evidence if reasonable minds could not have reached the result complained of by the defendant. Id.; State v. Goodwin (1999),84 Ohio St.3d 331, 344.
Pursuant to R.C. 2919.25 (A), the elements of domestic violence are knowingly causing or attempting to cause physical harm to a family or household member. A family or household member includes a former spouse and the natural parent of a child when the offender is the other parent. R.C. 2919.25 (E) (1) (a) (i) and (b). Appellant claims that he did not cause physical harm to Ms. Niddel. He points to her testimony where she admits that she bruises easily due to a sugar problem. However, physical harm means any injury regardless of its gravity or duration. R.C.2901.01 (A) (3). After viewing the evidence in the light most favorable to the state, a reasonable person could find that the act of grabbing a person by the arms and repeatedly kneeing them in the thighs will inflict physical harm or at least is an attempt to inflict physical harm. Thus, the element of causing or attempting to cause physical harm has been established by sufficient evidence.
Appellant then claims that there was insufficient evidence presented to establish that he intended to cause physical harm. The mental state required to prove domestic violence is knowingly. R.C. 2919.25 (A). An offender performs knowingly if he is aware that his conduct will probably cause a certain result or be of a certain nature, regardless of his purpose. R.C. 2901.22
(B). Appellant states that his only intent was to get to his son with whom he had a legal right to visit. However, as aforementioned, motive and purpose are irrelevant when it comes to knowledge. State v. Young (1988), 37 Ohio St.3d 249, 253, citing State v. Wenger (1979), 58 Ohio St.2d 336, 339. A defendant need not act with deliberate intent to act knowingly; if the result is probable, then the defendant acts with knowledge. Wenger, supra at 339. In the case at hand, a rational trier of fact could find beyond a reasonable doubt that appellant had knowledge that his actions, grabbing Ms. Niddel's arms and holding her while repeatedly kneeing her in the thighs, would probably cause physical harm to Ms. Niddel. Accordingly, there is sufficient evidence to support appellant's conviction.
Next, appellant posits that his conviction is against the manifest weight of the evidence because he testified that he did not touch Ms. Niddel. Weight of the evidence concerns the effect of the evidence in inducing belief. Thompkins, supra
at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In order to reverse a conviction on manifest weight grounds, the reviewing court must determine that the fact-finder clearly lost its way and created a manifest miscarriage of justice. Id. A conviction is reversed on these grounds only in exceptional circumstances.Id. This is partly because determinations about witness credibility and weight of the evidence are predominately the domain of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 231. Since the trier of fact has a superior vantage point from which to observe the witnesses' demeanor, gestures and voice inflections, we generally defer to the trier of fact on credibility issues. Myers v. Garson
(1993), 66 Ohio St.3d 610, 615; Seasons Coal Co. Inc. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80.
Although appellant testified that he did not touch Ms. Niddel, she testified that he grabbed her arms and kneed. her in the thighs multiple times. Her testimony was explicitly corroborated by the testimony of the two other eye-witnesses, Randy and his step-brother. Furthermore, the bruises as depicted in the photographs support the testimony of the three witnesses.
As the three witnesses testified in a manner consistent with each other and with the evidence, there is no reason for this court to hold that it was incredible. The trial court specifically stated on the record that it did not believe the appellant's testimony. There is nothing in the record to imply that the court clearly lost its way in choosing to disbelieve appellant's denials and instead to believe the assertions of the three state's witnesses. As such, appellant's conviction was not against the manifest weight of the evidence.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE