The STATE of Ohio, Appellant,

v.

GRAVES, Appellee.

[Cite as *State v. Graves,* 184 Ohio App.3d 39, 2009-Ohio-974.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 07CA2994.

Decided March 3, 2009.

**40**

Michael M. Ater, Ross County Prosecuting Attorney, and Richard Clagg, Assistant Prosecuting Attorney, for appellant.

Biddlestone & Winkelmann Co., L.P.A., and David J. Winkelmann, for appellee.

Per Curiam.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Ryan Graves, defendant-appellee, pleaded guilty to gross sexual imposition in violation of R.C. 2907.05. Appellee was also charged with three counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323, but the trial court dismissed those charges for lack of jurisdiction. The state of Ohio, plaintiff-appellant, appeals and assigns the following errors for review:

First Assignment of Error:

The trial court erred when it dismissed counts two, three, and four of the indictment where the requirement of a lewd exhibition or of a graphic focus on genitals is interpreted as part of the definition of "nudity" and is not a judicially engrafted element of Ohio Revised Code Section 2907.323(A)(3).

Second Assignment of Error:

The trial court erred when it denied the state of Ohio leave to amend its indictment, where the name and identity of the crime would not change as a result of the amendment and the defendant would not be misled.

{¶ 2} In August 2006, appellant engaged in sexual conduct with a 12–year–old girl. Police investigated and found nude photographs of other minor females on

appellant's computer discs. The Ross County Grand Jury returned an indictment charging appellee with gross sexual imposition and three counts of violations of R.C. 2907.323, illegal use of a minor in nudity-oriented material, that stem from images on appellee's computer discs. Appellee pleaded not guilty to all charges.

{¶ 3} Subsequently, appellee requested that the trial court dismiss counts two, three, and four because the indictment failed to include language from *State v. Young* (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363, at paragraph one of the syllabus. *Young* held that nudity, for purposes of R.C. 2907.323(A)(3), must mean "a lewd exhibition" or "a graphic focus on the genitals." Id. In that way, the court reasoned, the statute may be interpreted to circumvent the First Amendment problems that attach to an attempt to ban "morally innocent" photographs of child nudity. Id. at 251, 525 N.E.2d 1363.

{¶ 4} The trial court agreed with appellee. Appellant then requested to amend the indictments, but the trial court denied the request. The court explained that the grand jury did not have an opportunity to consider "whether there was a lewd or graphic depiction of genitalia in [those] pictures." The court opined that it could not "allow an amendment of the indictment to permit inclusion of [an] omitted element."

{¶ 5} Appellee then pleaded guilty to count one of the indictment. The trial court sentenced appellee to serve two years in prison and designated him a sexual predator. This appeal followed.[1]

I

{¶ 6} In its first assignment of error, appellant asserts that the trial court erred by dismissing counts two, three, and four of the indictment. We disagree.

{¶ 7} R.C. 2907.323(A)(1) states that no person may photograph any minor, who is not the person's child or ward, in a state of nudity. Likewise, subsection (A)(3) bans the possession of material that depicts a minor, who is not that person's ward or child, in a state of nudity. Although the indictment in the case sub judice is somewhat vague and does not specify a specific subsection for each count, it appears that counts two and three allege a violation of subsection (A)(3) and count four alleges a violation of subsection (A)(1).[2]

---

1. We note that on the same day, a judgment was filed, separate and distinct from the conviction and sentencing entry, that dismissed counts two, three, and four of the indictment. We also note that although the prosecution is generally required to seek leave of court to appeal, R.C. 2945.67(A) allows the state an appeal as of right when part of the indictment is dismissed.

2. Counts two and three of the indictment charge reckless possession or viewing of material, whereas count four charges that appellant "recklessly photograph[ed] a minor." A more

{¶ 8} The pivotal issue for all three counts is the impact of *Young*. In *Young*, the Ohio Supreme Court held that nudity, for purposes of R.C. 2907.323(A)(3), means a "lewd exhibition" or "a graphic focus on the genitals." 37 Ohio St.3d 249, 525 N.E.2d 1363, at paragraph one of the syllabus. *Young* construed the statute to avoid First Amendment issues that could arise with criminalizing the possession of nude child photographs with nothing more. Id. at 251, 525 N.E.2d 1363. The United States Supreme Court endorsed this interpretation, although the case was reversed on other grounds. See *Osborne v. Ohio* (1990), 495 U.S. 103, 112–113, 110 S.Ct. 1691, 109 L.Ed.2d 98.

{¶ 9} Before we go further, we point out that both *Young* and *Osborne* involved R.C. 2907.323(A)(3), not subsection (A)(1). However, this fact makes no difference for purposes of our analysis. This court has previously held that the same "lewd" or "graphic focus on the genitals" that both Supreme Courts applied to an (A)(3) offense applies equally to an (A)(1) offense. See *State v. Walker* (1999), 134 Ohio App.3d 89, 94, 730 N.E.2d 419; *State v. Steele* (Aug. 21, 2001), Vinton App. No. 99CA530, 2001 WL 898748.

{¶ 10} We now consider the impact that *Young* and *Osborne* have on R.C. 2907.323(A)(1) and (3) offenses. The only case we have found on point is *State v. Moss* (Apr. 14, 2000), Hamilton App. No. C–990631, 2000 WL 376434, in which our First District colleagues held that an indictment that charges the possession of photographs of nude children under R.C. 2907.323(A), but fails to include the allegation of "lewd" or graphic focus on the genitals, fails to set forth a punishable offense. As the trial court did in the case at bar, we find this reasoning persuasive.

{¶ 11} The United States Supreme Court has held that although child pornography may be a violation of the law, a depiction of child nudity, without more, is protected speech. *Osborne* at 112, 110 S.Ct. 1691, 109 L.Ed.2d 98; *New York v. Ferber* (1982), 458 U.S. 747, 765, 102 S.Ct. 3348, 73 L.Ed.2d 1113, at fn. 18. R.C. 2907.323(A)(1) and (3) ban the possession or production of material that depicts a child in a state of nudity and, in essence, punishes what the United States Supreme Court has determined to be "protected speech" under the First Amendment. Thus, we agree with the trial court that dismissal of counts two, three, and four of the indictment is appropriate. Accordingly, the first assignment of error is hereby overruled.

## II

{¶ 12} Appellant argues in its second assignment of error that the trial court erred by denying it the opportunity to amend the indictment to include the

---

specific indictment that set out the individual subsections of the statute would have aided this process.

language concerning lewd and graphic focus on the genitals.[3] The trial court ruled that it could not, and we agree with the court's reasoning.

{¶ 13} First, as we point out above, counts two and three failed to set forth a criminal offense. This is not a situation that involves some minor defect or misnumbered statutory subsection. Here, appellee was charged with the possession of photographs of nude children, which, in itself, is constitutionally protected and cannot be criminalized. Second, we agree completely with the trial court's cogent observations when it explained its denial of appellee's motion:

> The other concern that I have * * * is whether the Grand Jury, which returned the indictment in this case, had an opportunity to consider whether there was a lewd or graphic depiction of genitalia in these pictures. I've not seen them so I don't know, but regardless, I don't know what the Grand Jury did or didn't—was or was not told. In light of that, I don't feel like I can allow an amendment of the indictment to permit inclusion of the omitted element.

{¶ 14} Generally, felony offenses are prosecuted by indictments handed down by grand juries. See Crim.R. 6 and 7(A). The grand jury is a shield against government tyranny, and this is why the grand jury is vested with the decision concerning whether a crime has been committed. *State v. Grewell* (1989), 45 Ohio St.3d 4, 7, 543 N.E.2d 93. As we pointed out, the taking of nude photographs or the mere possession of nude pictures of children is not a crime. Rather, a crime occurs if the photographs depict a lewd and graphic focus on the genitals. Because this is a material element of the offense, the grand jury must determine its presence or absence from a photograph, not a prosecutor. We agree with the trial court that to allow the indictment to be amended to include that element is tantamount to circumventing the process entirely and allowing a prosecutor, rather than a grand jury, to determine if a crime has been committed. *State v. Kittle*, Athens App. No. 04CA41, 2005-Ohio-3198, 2005 WL 1491997, ¶ 10, citing *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716. This authority would violate our Constitution, which prevents trial for infamous crimes except upon indictment by grand jury. See Section 10, Article I, Ohio Constitution; *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 17. For these reasons, we hereby overrule appellant's second assignment of error.

{¶ 15} Having reviewed all errors assigned and argued by the state in its brief, and having found merit in none of them, we affirm the judgment of the trial court.

Judgment affirmed.

---

**3.** Insofar as count four of the indictment goes, this issue is moot.

KLINE, P.J., concurs.

ABELE, J., concurs in part and dissents in part.

McFARLAND, J., concurs in judgment only.

ABELE, Judge, concurring in part and dissenting in part.

{¶ 16} I agree that the second assignment of error and the first assignment of error, insofar as it concerns the dismissal of counts two and three of the indictment, should be overruled. I, however, respectfully disagree as to dismissal of count four and would sustain the appellant's assignment of error for the following reasons.

{¶ 17} This court has applied the requirement of *State v. Young* (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363, and *Osborne v. Ohio* (1990), 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98, of a "lewd" or "graphic focus on the genitals" to an R.C. 2907.323(A)(1) offense. See *State v. Walker* (1999), 134 Ohio App.3d 89, 730 N.E.2d 419; *State v. Steele* (Aug. 21, 2001), Vinton App. No. 99CA530, 2001 WL 898748. I disagree with this view, however. The Ohio Supreme Court employed the "lewd exhibition" or "graphic focus on the genitals" requirement in *Young* to avoid First Amendment problems that arise with criminalizing possession of nude child photographs with nothing more. 37 Ohio St.3d at 251, 525 N.E.2d 1363. The United States Supreme Court endorsed that interpretation, although the case was reversed on other grounds. See *Osborne*, 495 U.S. at 112–113, 110 S.Ct. 1691, 109 L.Ed.2d 98. The *Young* and *Osborne* cases involved only (A)(3) offenses under R.C. 2907.323. Neither involved a violation of subsection (A)(1). The gist of *Young* and *Osborne* is that the mere possession of nude child photographs, without more, raises a First Amendment issue. I note, however, that subsection (A)(1) prohibits taking nude pictures of someone else's children, and that is a different issue than the mere possession of such pictures. Does taking a nude picture of someone else's child deserve the same level of First Amendment protection? The *Walker* and *Steele* cases assume that taking a photograph is protected speech, but does not provide much discussion about the issue. The only case that directly addresses the question is *State v. Condon*, 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696, at ¶ 20, but that case dealt with R.C. 2927.01(B), which prohibits treating a corpse in a way that outrages community sensibilities. In any event, the court's ruling on that point was obiter dictum.

{¶ 18} I believe that the better approach is the Massachusetts Supreme Court's view in *Commonwealth v. Oakes* (1990), 407 Mass. 92, 551 N.E.2d 910, 912, which held that photographing nude, underage children combined elements of both speech and conduct. When speech and nonspeech elements are both involved, a "sufficiently important governmental interest" for regulating the nonspeech

element can justify an incidental limitation on First Amendment freedoms. Id., citing *United States v. O'Brien* (1968), 391 U.S. 367, 376, 88 S.Ct. 1673, 20 L.Ed.2d 672 (holding that government can criminalize the burning of draft cards notwithstanding the First Amendment symbolism connected therewith). The "important governmental interest" at issue in the case sub judice is obvious. R.C. 2907.323(A)(1) prohibits a person from taking nude photographs of someone else's children. Except in limited circumstances, such as an abuse, dependency, or neglect proceeding, parents have the right to know who is taking nude pictures of their children and a right to refuse permission to take those pictures. Both the Ohio and United States Supreme Courts have long held that parents have a fundamental liberty interest in the custody and control of their own children. See, e.g., *In re Thompkins,* 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, at ¶ 32; *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169; *Troxel v. Granville* (2000), 530 U.S. 57, 65–66, 120 S.Ct. 2054, 147 L.Ed.2d 49; *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. Prohibiting someone else from taking nude photographs of one's child is a common-sense extension of that right and is an area that the Ohio General Assembly can legitimately legislate.

{¶ 19} Therefore, I do not believe that the Ohio Supreme Court's limited construction of R.C. 2907.323(A)(3) in *Young,* affirmed by the United States Supreme Court in *Osborne,* applies with regard to a subsection (A)(1) charge. Rather, the state may constitutionally prohibit strangers from taking nude photographs of someone else's child, without permission, even if there is no "lewd" or graphic focus on that child's genitals. Thus, I agree with the appellant that the trial court erred in dismissing count four of the indictment.