[Cite as *State v. Martin*, 2014-Ohio-3640.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                  :            C.A. CASE NO.    26033

v.                                          :            T.C. NO.    13CR2624

TERRY LEE MARTIN, SR.                       :            (Criminal Appeal from
                                                          Common Pleas Court)

    Defendant-Appellant                 :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____22nd_____ day of _____August_____, 2014.

. . . . . . . . . .

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5ᵗʰ Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ELIZABETH C. SCOTT, Atty. Reg. No. 0076045, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}  Terry Lee Martin, Sr., appeals from a judgment of the Montgomery

County Court of Common Pleas, which found him guilty of one count of illegal use of a minor in nudity-oriented material and one count of possession of criminal tools. Martin was sentenced to five years and to nine months, respectively, to be served concurrently, for an aggregate term of five years. He was also designated as a Tier II sex offender.

**{¶ 2}** For the following reasons, the judgment of the trial count will be affirmed.

**{¶ 3}** The facts of the case are as follows. Martin, age 51, positioned and hid his iPod in such a way that he was able to record the minor victim in the bathroom of Martin's home when she undressed to take a shower. On the video, Martin talked with the girl as she entered the bathroom, complimented her appearance, and stated that she would look "cute" in some sexy "Daisy Dukes" (short shorts) that he had seen at the store. He then left the bathroom, and the victim undressed in preparation for a shower. Her breasts, pubic area, and buttocks were visible in the video as she undressed before the shower and as she dried herself after the shower. When the victim left the bathroom, Martin immediately reentered and retrieved the iPod.

**{¶ 4}** The video was discovered when Martin lent his iPod to the victim's brother and the victim's mother perused its contents. The victim stated in a victim impact statement that Martin had "treated [her] as his own daughter," but the precise nature of their relationship is unclear from the record.

**{¶ 5}** Martin was indicted for illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(1), and with possession of criminal tools (the iPod), in violation of R.C. 2923.24(A). He waived his right to a jury trial.

**{¶ 6}** At trial, the parties' stipulated to the date and location of the offense, that

the victim was 11 years old at the time, that Martin had recorded the victim by use of his iPod, which was hidden in some towels, and that the victim had not been aware of the device or that she was being recorded. They also stipulated that the video was not "for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose" and that the victim's parents had not consented in writing to the creation of the video. R.C. 2907.323(A)(1)(a) and (b). The only evidence presented at trial was the video recording and the list of the stipulations; the parties agreed that "we're not really here to determine [any] factual issue but rather a legal issue." The legal dispute focused on whether the victim was shown in a state of nudity, as that term is used in R.C. 2907.323(A)(1) and as defined in R.C. 2907.01(H) and *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988).

{¶ 7} Martin was convicted after the bench trial, and he was sentenced as described above.

{¶ 8} Martin appeals from his conviction, raising one assignment of error, in which he contends that his conviction was contrary to law because, if the proper definition of nudity were applied, the State failed to prove the offense of illegal use of a minor in nudity-oriented material. In convicting Martin, the trial court did not specifically discuss the definition of nudity that it applied. Martin does not raise any argument regarding his conviction for possession of criminal tools or regarding the sentencing.

{¶ 9} Illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1), is defined as follows: "No person shall * * * *[p]hotograph* any minor who is not the person's child or ward in a state of nudity, or *create, direct, produce, or transfer* any material or performance that shows the minor in a state of

nudity," unless the material is to be used "for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose" and by an appropriate person, and the minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used. (Emphasis added.) Similarly, R.C. 2907.323(A)(3), which is not at issue in this case, prohibits the *possession or viewing* of any material or performance of a child who is not the person's child or ward in a state of nudity, subject to the same exceptions. (Emphasis added.)

{¶ 10} R.C. 2907.01(H) defines nudity as "the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple, or of covered male genitals in a discernibly turgid state."

{¶ 11} The United States Supreme Court has held that private possession of obscene material, without more, is constitutionally protected; however, possession of child pornography may be prohibited. *Osborne v. Ohio*, 495 U.S. 103, 110-111, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990), reversed on other grounds; *New York v. Ferber*, 458 U.S. 747, 764-765, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). The value of permitting child pornography is "exceedingly modest, if not de minimis," and legislatures and others have found that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child; these determinations "easily [pass] muster" under the First Amendment. *Osborne* at 110, quoting *Ferber*. Both *Osborne* and

*Ferber* upheld prohibitions of even the private possession of child pornography out of concern for the minor children involved and recognition of the State's interest in eradicating child sexual abuse. *Osborne* at 109-111*; Ferber* at 764*; see also State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 23 (10th Dist.). The Ohio Supreme Court has also held that prohibitions against the private possession of child pornography are constitutional. *State v. Meadows*, 28 Ohio St.3d 43, 51, 503 N.E.2d 697, syllabus (1986).

{¶ 12} Martin contends that a series of cases from the U.S. and Ohio Supreme Courts, including *Young* and *Osborne*, has narrowed the definition such that the nudity must constitute "a lewd exhibition or involv[e] * * * a graphic focus on the genitals" in order for the material to be prohibited. He further argues that the recording at issue in this case contained nudity under the wording of R.C. 2907.01(H), but that the nudity was not lewd or did not include any graphic focus on the genitals.

{¶ 13} *Young* and *Osborne* address R.C. 2907.323(A)(3), which deals with the possession or viewing of child nudity-oriented material, rather than the creation or production of child nudity-oriented material, as charged in this case and addressed in R.C. 2907.323(A)(1). Those cases responded to arguments that the use of the term "nudity" in R.C. 2907.323(A)(3) was overbroad and violated the Constitution by unconstitutionally encompassing morally innocent behavior as well as lewd behavior. *See Osborne* at 112; *Young* at 251-252. In response to such concerns, the Ohio Supreme Court in *Young* interpreted the "proper purposes" exceptions set forth in R.C. 2907.323(A)(3)(a) (medical, scientific, judicial purpose, etc.) and (b) (parental consent) to narrow the offense and to exclude "conduct that is morally innocent." *Young* at 251-252. "Thus, the only conduct

prohibited by the statute is conduct which is *not* morally innocent, *i.e.*, the possession or viewing of the described material for prurient purposes. So construed, the statute's proscription is not so broad as to outlaw all depictions of minors in a state of nudity, but rather only those depictions which constitute child pornography." (Emphasis sic.) *Id.* In *Ferber*, the U.S. Supreme Court required that prohibited conduct in the "sensitive area" of child pornogrpahy be "adequately defined by the applicable state law, as written *or authoritatively construed.*" (Emphasis added in *Young*.) *Id.* at 252, quoting *Ferber* at 764. Accordingly, the Ohio Supreme Court in *Young* construed R.C. 2907.323(A)(3) to prohibit "the possession or viewing of material or performance of a minor who is in a state of nudity, *where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged.*" (Emphasis added.) *Young* at 252.

{¶ 14} The U.S. Supreme Court agreed that, as interpreted by the Ohio Supreme Court in *Young*, R.C. 2907.323(A)(3) did not violate the First Amendment and was not overbroad. *Osborne* at 107-111.

{¶ 15} Martin argues that the more narrow definition of nudity applied in *Young* and approved in *Osborne* also applies to R.C. 2907.323(A)(1), where the creation or production of nudity-oriented material is at issue. He further argues that, although the recording he made contained nudity of a minor, it did not depict a lewd exhibition or involve graphic focus on the genitals of the minor, and therefore he should not have been found guilty of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1).

{¶ 16}    We acknowledge that, in two prior cases from this district cited by the State, this court has implicitly accepted the applicability of the "lewd exhibition" or "graphic focus on the genitals" definition of nudity in a case involving R.C. 2907.323(A)(1).  See *State v. Stoner*, 2d Dist. Miami No. 2003 CA 6, 2003-Ohio-5745; *State v. Powell*, 2d Dist. Montgomery No. 18095, 2000 WL 1838716 (Dec. 15, 2000).    In *Stoner*, the defendant-appellant's argument accepted that lewdness had to be shown and we affirmed the trial court's finding of "a lewd exhibition" without any discussion of *Young*.  In *Powell*, we affirmed the trial court's finding, when addressing the sufficiency of the evidence, that reasonable minds could find a lewd exhibition in the victim's raising of her buttocks to the camera. Our opinion mentioned *Young* (as had the trial court), but we did not discuss the fact that *Young* dealt with a different subsection of the statute defining illegal use of a minor in nudity-oriented material or the cases' different postures with respect to First Amendment interests.   Insofar as neither *Stoner* nor *Powell* contained a detailed discussion of *Young* or acknowledged that the holding in *Young* involved a different subsection of R.C. 2907.323(A), they do not compel our application of *Young*'s narrow definition of nudity to R.C. 2907.323(A)(1) in Martin's case.

{¶ 17}    Other Ohio courts have split on the question of whether the definition of "nudity" set forth in *Young* applies to R.C. 2907.323(A)(1), as well as to R.C. 2907.323(A)(3).   Several cases have addressed the issue in terms of whether the narrowed "lewd exhibition" and "graphic focus on genitals" definition of nudity constitutes an element of the offense which must be included in an indictment.   The Fourth Appellate District has concluded that there is "no difference" between subsections R.C. 2907.323(A)(1) and (3)

with respect to the definition of "nudity," that the "lewd exhibition" or "graphic focus on the genitals" interpretation applies equally to both subsections, and that such language must be included in an indictment charging an offense under either section. *State v. Graves*, 184 Ohio App.3d 39, 2009-Ohio-974, 919 N.E.2d 753, ¶ 9 (4th Dist.). *See also State v. Moss*, 1st Dist. Hamilton No. C-990631, 2000 WL 376434 (Apr. 14, 2000). The Twelfth District, on the other hand, has rejected the argument that the "judicially engrafted element" (the more narrow definition of nudity set forth in *Young*) must be included in an indictment; it concluded that the statutory language was sufficient to charge an offense under R.C. 2907.323(A)(1) and that the narrower definition did not apply to R.C. 2907.323(A)(1). *State v. O'Connor*, 12th Dist. Butler No. CA2001-08-195, 2002-Ohio-4122, ¶ 28-30. *O'Connor* held that, "[w]hile *Osborne* may limit the proof of 'a state of nudity' to lewdness or graphic focus on the genitals, in order to meet a constitutional objective, it does not alter the elements of R.C. 2907.323(A)(1)." *Id.* at ¶ 31.

{¶ 18} We need not consider whether the definition of nudity set forth in *Young* is an "element" of the offense of illegal use of a minor in nudity-oriented material that must be included in an indictment. Martin has not challenged his indictment on appeal or in the trial court and, regardless, any such argument is moot as a result of our holding in this case. The question before us is whether, for a violation of R.C. 2907.323(A)(1) involving use of a minor in the creation or production of nudity-oriented material, the State must prove at trial that the nudity was a "lewd exhibition" or included "graphic focus on the genitals."

{¶ 19} In our view, the difference between possession/viewing and creation/production of nudity-oriented material involving a minor, without parental consent,

is significant. Creation/production, because it involves direct contact with a minor and the creation of child nudity material, involves different State and personal interests and is not entitled to the same First Amendment protection. The dissent in *Graves* aptly describes the distinction:

> This court has applied the requirement of *State v. Young* * * * and *Osborne v. Ohio* * * * of a "lewd" or "graphic focus on the genitals" to an R.C. 2907.323(A)(1) offense. * * * I disagree with this view, however. The Ohio Supreme Court employed the "lewd exhibition" or "graphic focus on the genitals" requirement in *Young* to avoid First Amendment problems that arise with criminalizing possession of nude child photographs with nothing more. * * * The United States Supreme Court endorsed that interpretation, although the case was reversed on other grounds. See *Osborne*, 495 U.S. at 112-113, 110 S.Ct. 1691, 109 L.Ed.2d 98. The *Young* and *Osborne* cases involved only (A)(3) offenses under R.C. 2907.323. Neither involved a violation of subsection (A)(1). The gist of *Young* and *Osborne* is that the mere possession of nude child photographs, without more, raises a First Amendment issue. I note, however, that subsection (A)(1) prohibits taking nude pictures of someone else's children, and that is a different issue than the mere possession of such pictures. Does taking a nude picture of someone else's child deserve the same level of First Amendment protection? * * *
>
> I believe that the better approach is the Massachusetts Supreme Court's view in *Commonwealth v. Oakes* (1990), 407 Mass. 92, 551 N.E.2d

910, 912, which held that photographing nude, underage children combined elements of both speech and conduct. When speech and nonspeech elements are both involved, a "sufficiently important governmental interest" for regulating the nonspeech element can justify an incidental limitation on First Amendment freedoms. *Id.*, citing *United States v. O'Brien* (1968), 391 U.S. 367, 376, 88 S.Ct. 1673, 20 L.Ed.2d 672 (holding that government can criminalize the burning of draft cards notwithstanding the First Amendment symbolism connected therewith). The "important governmental interest" at issue in the case sub judice is obvious. R.C. 2907.323(A)(1) prohibits a person from taking nude photographs of someone else's children. Except in limited circumstances, such as an abuse, dependency, or neglect proceeding, parents have the right to know who is taking nude pictures of their children and a right to refuse permission to take those pictures. Both the Ohio and United States Supreme Courts have long held that parents have a fundamental liberty interest in the custody and control of their own children. * * * Prohibiting someone else from taking nude photographs of one's child is a common-sense extension of that right and is an area that the Ohio General Assembly can legitimately legislate.

Therefore, I do not believe that the Ohio Supreme Court's limited construction of R.C. 2907.323(A)(3) in *Young*, affirmed by the United States Supreme Court in *Osborne*, applies with regard to a subsection (A)(1) charge. Rather, the state may constitutionally prohibit strangers from taking nude

photographs of someone else's child, without permission, even if there is no

"lewd" or graphic focus on that child's genitals. * * *.

(Some internal citations omitted.) *Graves*, 184 Ohio App.3d 39, 2009-Ohio-974, 919

N.E.2d 753, ¶ 17-19 (4th Dist.) (Abele, J., dissenting).

{¶ 20} The State's interests are compelling when a child is depicted. The State has

compelling interests in protecting the child and in limiting the availability of depictions of

nude children. Moreover, R.C. 2907.323(A)(1) involves photographing, recording, or

transferring a material or performance involving a nude child; when such a case is compared

to a case in which only possession of a picture of a nude child is at issue, the First

Amendment concerns are less compelling. Thus, R.C. 2907.323(A)(1) does not present the

need for a narrower construction of the term "nudity" that R.C. 2907.323(A)(3) arguably

does.

{¶ 21} Nudity is statutorily defined, and, with respect to R.C. 2907.323(A)(1),

there is no constitutional interest that requires a more narrow construction of the statutory

term. Thus, the statutory definition should be applied, and we reject Martin's argument that

the definition of nudity set forth in *Young* is applicable to R.C. 2907.323(A)(1). The

statutory definition does not require that the nudity be shown to be a lewd exhibition or that

it involve graphic depiction of the genitals. R.C. 2907.01(H). The statutory definition

requires "the showing, representation, or depiction of human male or female genitals, pubic

area, or buttocks with less than a full, opaque covering, or of a female breast with less than a

full, opaque covering of any portion thereof below the top of the nipple * * *." The nudity

depicted in Martin's recording, which depicted the victim's breasts, pubic area, and buttocks,

satisfied the statutory definition of nudity.

{¶ 22}    In its brief, the State seems to concede the applicability of the *Young* definition of nudity, a conclusion with which we do not agree, for the reasons stated above. The State contends that, accepting this definition, the video was indisputably "lewd," notwithstanding the fact that it does not contain a graphic focus on the genitals.

{¶ 23}    The term "lewd" is not a legal term of art, but a word of common usage. *State, ex rel. Rear Door Bookstore v. Tenth Dist. Ct. of Appeals*, 63 Ohio St.3d 354, 358, 588 N.E.2d 116 (1992).   "Webster defines 'lewd' as: ' * * * sexually unchaste or licentious * * * lascivious * * * inciting to sensual desire or imagination * * *.' Webster's Third New International Dictionary (1986) 1301. The Oxford English Dictionary gives a similar definition and cites Chaucer for first using the word in popular literature as early as 1386. 'Lascivious' is defined by Webster as: ' * * * inclined to lechery: lewd, lustful * * * tending to arouse sexual desire * * *.' Webster's, supra, at 1274.   The Oxford dictionary defines 'lascivious' as: '[i]nclined to lust, lewd, wanton.'   The Oxford English Dictionary (1989) 666." *Rear Door Bookstore at 358.*   Black's Law Dictionary defines "lewd" as "[o]bscene or indecent; tending to moral impurity or wantonness[.]"   Black's Law Dictionary (7th Ed.1999) 919.[1]

{¶ 24}    Based on the Ohio Supreme Court's holding in *Young*, this court has held that it is the character of the material or performance, not the purpose of the person possessing or viewing it, that determines whether it involves a lewd exhibition or a graphic

---

[1] It is, no doubt, definitions such as these that occasioned Justice Stewart's famous aphorism about obscenity, "I know it when I see it."   See *Jacobellis v. Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) (Stewart, J., concurring).

focus on the genitals. *State v. Kerrigan*, 168 Ohio App.3d 455, 2006-Ohio-4279, 860 N.E.2d 816, ¶ 22 (2d Dist.). Therefore, Martin's motivations are not relevant. We need not reach the issue whether the video was lewd, since we hold that this does not have to be proved for a conviction of R.C. 2907.323(A)(1).

{¶ 25} Finally, we note that secretly videotaping a naked person without consent is a crime when committed (with a specific mens rea) against an adult as well as against a child. R.C. 2907.08(B) (voyeurism) provides that "[n]o person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to videotape, file, photograph, or otherwise record the other person in a state of nudity." The same statutory definition of nudity applies to this section. Voyeurism in violation of R.C. 2907.08(B) is a misdemeanor of the second degree, whereas illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1) is a felony of the second degree, and voyeurism is not a lesser included offense. *See Stoner*, 2d Dist. Miami No. 2003-CA-6, 2003-Ohio-5745, ¶ 25.

{¶ 26} With any other holding, the "photographing" of a nude[2] minor without the purpose of sexually arousing the "photographer," e.g., for the purpose of embarrassing the minor or the purely pecuniary purpose of selling the image to a child pornographer, arguably would not be against the criminal law. Because of the State interests involved in preventing the exploitation of children through the creation of nudity-oriented materials in which they are depicted, the legislature reasonably chose to define the offense more broadly (i.e., not requiring a trespass or a purpose of sexual gratification) and to punish the secret imaging of

---

[2] In this context, we assume the nudity is not obscene under R.C. 2907.322 or lewd under R.C. 2907.323(A)(3).

a nude minor more severely, regardless of the purpose of the offender or the lewdness of the subject.

{¶ 27} The assignment of error is overruled.

{¶ 28} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

April F. Campbell
Elizabeth C. Scott
Hon. Frances E. McGee