[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Martin,* Slip Opinion No. 2016-Ohio-7196.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7196

THE STATE OF OHIO, APPELLEE, *v.* MARTIN, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Martin,* Slip Opinion No. 2016-Ohio-7196.]

*Criminal law—R.C. 2907.323(A)(1)—Definition of "nudity" set forth in R.C. 2907.01(H) applies to statute prohibiting creation of child-nudity-oriented material—Court of appeals' judgment affirmed.*

(No. 2014-2028—Submitted October 27, 2015—Decided October 5, 2016.)

CERTIFIED by the Court of Appeals for Montgomery County, No. 26033, 2014-Ohio-3640.

_____

PFEIFER, J.

BACKGROUND

{¶ 1} On March 18, 2012, appellant, Terry Lee Martin, surreptitiously recorded video of an 11-year-old female while she was undressed in a bathroom. Martin was indicted for two felonies: creating nudity-oriented material involving a minor, R.C. 2907.323(A)(1), and possession of criminal tools, R.C. 2923.24(A).

**{¶ 2}** The parties stipulated that Martin recorded the video, that the person in the video is a minor, that the recording was not "for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose," R.C. 2907.323(A)(1)(a), and that the girl's parents had not consented in writing to the creation of the video, *see* R.C. 2907.323(A)(1)(b). Martin waived his right to a jury trial and was found guilty by the trial court of both felonies charged.

**{¶ 3}** On appeal, Martin raised one assignment of error—that the trial court had not applied the proper definition of nudity in convicting him of violating R.C. 2907.323(A)(1). The court of appeals affirmed the conviction, 2014-Ohio-3640, 18 N.E.3d 799, and certified that its judgment was in conflict with a judgment of the Fourth District Court of Appeals, 2d Dist. Montgomery No. 26033 (Nov. 9, 2014), citing *State v. Graves*, 184 Ohio App.3d 39, 2009-Ohio-974, 919 N.E.2d 753, ¶ 9 (applying definition of nudity set forth in *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988), to R.C. 2907.323(A)(1)). We declined to accept jurisdiction over Martin's discretionary appeal, 141 Ohio St.3d 1457, 2015-Ohio-239, 23 N.E.3d 1198; however, we determined that a conflict exists and ordered the parties to brief the following issue:

> "With respect to R.C. 2907.323(A)(1), which proscribes the creation or production of nudity-oriented material involving a minor, which definition of nudity applies: the statutory definition (R.C. 2907.01(H)), or the narrower definition set forth in *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363, which requires additional elements of 'lewd depiction' and 'graphic focus on the genitals?' "

141 Ohio St.3d 1452, 2015-Ohio-239, 23 N.E.3d 1194, quoting 2d Dist. Montgomery No. 26033, at 6.

**{¶ 4}** For the reasons explained below, we conclude that the statutory definition applies, and we therefore affirm the judgment of the court of appeals.

**ANALYSIS**

**{¶ 5}** R.C. 2907.323 is entitled "Illegal use of a minor in nudity-oriented material or performance." R.C. 2907.323(A)(1) provides:

(A) No person shall do any of the following:

(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

**{¶ 6}** As stated above, the parties stipulated to facts that eliminate the possibility that the exception created by subsections (a) and (b) applies. To wit, the recording was not made for a proper purpose and was not made with the consent of

the minor's parents. The only issue for review is the certified question, essentially: which definition of nudity applies to R.C. 2907.323(A)(1).

{¶ 7} R.C. 2907.01 provides:

> As used in sections 2907.01 to 2907.38 of the Revised Code: * * *
>
> (H) "Nudity" means the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full opaque covering of any portion thereof below the top of the nipple.

{¶ 8} Martin argues for the definition enunciated in *Young*, 37 Ohio St.3d at 252, 525 N.E.2d 1363, which is markedly narrower than R.C. 2907.01(H). In *Young*, this court analyzed R.C. 2907.323(A)(3), which—then and now—prohibits possession of materials of the same nature as those described in R.C. 2907.323(A)(1), subject to essentially the same exception. We concluded that the statute does not prohibit the possession of materials that depict mere nudity, which is expression protected by the First Amendment. *Young* at 251, citing *New York v. Ferber*, 458 U.S. 747, 765, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), fn. 18. Instead, we concluded that R.C. 2907.323(A)(3) prohibits possession of materials that depict nudity that "constitutes a lewd exhibition or involves a graphic focus on the genitals." *Young* at 252.

{¶ 9} Martin argues that the state of nudity recorded in this case does not satisfy the definition of nudity set forth in *Young*. We agree in that the video is not lewd or focused on the genitals. But Martin also contends that because the *Young* definition is not met in this case, he cannot be convicted of violating R.C. 2907.323(A)(1). We disagree.

*A. Pornography and child-oriented nudity*

**{¶ 10}** "States have broad powers to regulate distribution of obscene material, but not the private possession of it in one's home." *State v. Tooley*, 114 Ohio St.3d 366, 2007-Ohio-3698, 872 N.E.2d 894, ¶ 9, citing *Stanley v. Georgia*, 394 U.S. 557, 567-568, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). In *Stanley*, the United States Supreme Court stated that the "right to receive information and ideas, regardless of their social worth * * * is fundamental to our free society." *Stanley* at 564. Nevertheless, *Stanley* does not protect purveyors or possessors of child pornography. *State v. Meadows*, 28 Ohio St.3d 43, 46, 503 N.E.2d 697 (1986); *Osborne v. Ohio*, 495 U.S. 103, 110, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).

**{¶ 11}** Pornography is commonly defined to mean " 'a depiction (as in writing or painting) of licentiousness or lewdness: a portrayal of erotic behavior designed to cause sexual excitement.' " *Miller v. California*, 413 U.S. 15, 18, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), fn. 2, quoting *Webster's Third New International Dictionary* 1767 (1986). *See also Black's Law Dictionary* 1349 (10th Ed.2014) (defining pornography as "[m]aterial (such as writings, photographs, or movies) depicting sexual activity or erotic behavior in a way that is designed to arouse sexual excitement"). The state has not argued or in any way suggested that the child-nudity-oriented material at issue in this case is pornography.

**{¶ 12}** This case revolves around R.C. 2907.323(A)(1), which prohibits the creation of child-nudity-oriented material, whether or not pornographic. We consider the difference between child-nudity-oriented material and child pornography a matter of degree, not of kind. All the state interests that apply to eliminating child pornography apply to eliminating child-nudity-oriented material. Even if child-nudity-oriented material is less harmful to the child depicted than child pornography, it is undeniably harmful. Even if child-nudity-oriented material is less exploitative of a child than child pornography, it is undeniably exploitative. Similarly, child-nudity-oriented material leaves a permanent record that can haunt

a child into adulthood and provides an economic incentive to its purveyors and possessors.

{¶ 13} Therefore, it is essential to consider various important and legitimate state objectives that are served by decreasing or eradicating child pornography, including:

- protecting the "physiological, emotional and mental health" of children, *Ferber*, 458 U.S. at 758, 102 S.Ct. 3348, 73 L.Ed.2d 1113;

- preventing exploitation of children, because the distribution of child pornography is "intrinsically related to the sexual abuse of children," *id.* at 759;

- preventing a permanent record of an abused or exploited child, *id.*; and

- lessening the economic incentives for those who would produce child pornography, *Meadows*, 28 Ohio St.3d at 49, 503 N.E.2d 697.

{¶ 14} Some of these interests might be sufficient standing alone to outweigh the "exceedingly modest, if not *de minimis*" interest in possessing child pornography. *Ferber* at 762. Regardless, it is indisputable that when considered collectively, these interests far outweigh an individual's interest in possessing child pornography.

{¶ 15} Martin did not merely possess child-nudity-oriented material—he created it. *Young* addressed R.C. 2907.323(A)(3), which prohibits the possession of material that shows a minor in a state of nudity. *Young*, 37 Ohio St.3d at 251, 525 N.E.2d 1363. Martin was not charged with possessing material that shows a minor in a state of nudity, which implicates First Amendment interests, *id.*; *see Osborne*, 495 U.S. at 113-114, 110 S.Ct. 1691, 109 L.Ed.2d 98. Martin was charged with creating a video that shows a minor in a state of nudity. Whatever liberty interest Martin has in creating such material, it is entitled to even less

protection than the "exceedingly modest" interest in mere possession of such material.

{¶ 16} We are not aware of any court in the country that has concluded that a person has the right, fundamental or otherwise, to create nudity-oriented material using someone else's minor child unless it is for a proper purpose and is done with parental consent. The creation of material depicting a nude minor is prohibited by R.C. 2907.323(A)(1), not R.C. 2907.323(A)(3). Given the state interests served by prohibiting the possession of child-nudity-oriented material, it is inconceivable that we would not conclude that the same interests justify a prohibition on creating child-nudity-oriented material.

### B. Young *versus R.C. 2907.01(H)*

{¶ 17} Given the purpose of R.C. 2907.323(A)(1)—preventing the creation of child-nudity-oriented material and the state interests served thereby—as compared to an individual's negligible interest in creating such material—it is obvious that the nudity proscribed by R.C. 2907.323(A)(1) is not the more narrow lewdness nudity defined in *Young*. Rather, it is readily apparent that the nudity that R.C. 2907.323(A)(1) refers to is nudity as defined in R.C. 2907.01(H).

### CONCLUSION

{¶ 18} The certified question requires a simple either/or answer; we answer unequivocally that with respect to R.C. 2907.323(A)(1), the definition of nudity that applies is provided by R.C. 2907.01(H).

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER, J., dissents, with an opinion.

O'NEILL, J., dissents, with an opinion.

_____

**LANZINGER, J., dissenting.**

{¶ 19} I respectfully dissent. In *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988), we construed R.C. 2907.323(A)(3), which prohibits possession of nudity-oriented materials involving a minor, to reach only nudity that either constitutes a lewd exhibition or involves a graphic focus on the genitals. *Young* at 252. There, we read the statute to focus on child pornography, and we avoided penalizing persons for viewing or possessing innocuous photographs of naked children. The United States Supreme Court agreed that under this interpretation, the statute did not violate the First Amendment. *Osborne v. Ohio*, 495 U.S. 103, 112-114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).

{¶ 20} Although this case does not directly present a constitutional challenge to R.C. 2907.323(A)(1), which prohibits *creation* of nudity-oriented materials or performances involving a child, overbreadth in application still is a concern. And we are to avoid a particular statutory interpretation if it would raise serious constitutional problems. *See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988).

{¶ 21} I believe that we must apply *Young*'s statutory interpretation of "nudity" to R.C. 2907.323(A)(1), effectively limiting the definition found in R.C. 2907.01(H), for the reasons stated in Justice O'Neill's dissent.

―――――――――――

**O'NEILL, J., dissenting.**

{¶ 22} Respectfully, I must dissent.

{¶ 23} I do not agree that this court should treat creation of child-nudity-oriented photography any differently than possession of it. In *State v. Young*, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988), we applied the rule that " 'nudity, without more is protected expression * * *,' even where the subject depicted is a child." (Ellipsis sic.) *Id.* at 251, quoting *New York v. Ferber*, 458 U.S. 747, 765, 102 S.Ct.

3348, 73 L.Ed.2d 1113 (1982), fn. 18. I do not believe that the majority sufficiently justifies departing from that rule when the state prosecutes a defendant who created child-nudity-oriented material given that we are bound by that rule when the state prosecutes the individuals who later possess the material. Would this court have allowed Michelangelo to be imprisoned for carving a nude teenage David from marble yet stood by while the patrons of the Galleria dell'Accademia di Firenze went unpunished?

**{¶ 24}** *State v. Young* provides us with the legal construct that I believe we must follow. In *Young*, we considered language in R.C. 2907.323(A)(3) that is essentially identical to the language in R.C. 2907.323(A)(1). We held that while the statute did "not expressly limit the prohibited state of nudity to a lewd exhibition or a graphic focus on the genitals," the "proper purposes" exception evinced an intent to limit the scope of the prohibition against possession of child-nudity-oriented material to content that may be constitutionally proscribed:

> The clear purpose of these exceptions * * * is to sanction the possession or viewing of material depicting nude minors where that conduct is morally innocent. Thus, the only conduct prohibited by the statute is conduct which is *not* morally innocent, *i.e.,* the possession or viewing of the described material for prurient purposes. So construed, the statute's proscription is not so broad as to outlaw all depictions of minors in a state of nudity, but rather only those depictions which constitute child pornography.

(Emphasis sic.) *Young* at 251-252.

**{¶ 25}** Although we did not explicitly say so at the time, I believe that we construed R.C. 2907.323(A)(3) in this way in order to avoid a meaning that would be unconstitutional, whether on its face or in its application. *See* R.C. 1.47(A). In

affirming our interpretation of the statute in *Young*, the United States Supreme Court indicated that by "limiting the statute's operation" so that it reached only lewd content or a graphic focus on the genitals, we "avoided penalizing persons for viewing or possessing innocuous photographs of naked children" that fall within the protection of the First Amendment. *Osborne v. Ohio*, 495 U.S. 103, 113-114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). *See also Ferber* at 765, fn. 18. The alternative definition set forth in R.C. 2907.01(H) reaches well into the realm of constitutionally protected innocuous nudity. By applying the statutory definition, the majority has criminalized photographing nude infants absent *written* parental permission.

{¶ 26} In support of this result, the majority states that the difference between child-nudity-oriented material and child pornography is "a matter of degree, not of kind." Majority opinion at ¶ 12. For that reason, the majority holds that "the state interests that apply to eliminating child pornography apply to eliminating child-nudity-oriented material." *Id.* And armed with those state interests, the majority blesses the definition of "nudity" set forth in R.C. 2907.01(H). I disagree with that approach.

{¶ 27} It is patently false that photography of a nude child is "undeniably harmful" and "undeniably exploitative" in every context. Majority opinion at ¶ 12. Not every act of photography or depiction of a nude minor falls on the same spectrum as child pornography. We have already recognized a difference of kind—not degree—between "morally innocent" depictions of minors in a state of nudity and morally reprehensible prurient depictions. *Young*, 37 Ohio St.3d at 252, 525 N.E.2d 1363. Indeed, many Ohioans currently possess innocent—or as the United States Supreme Court put it, "innocuous," *Osborne* at 113-114—photographs of children in a state of nudity. Uncles, aunts, grandparents, and others take these photographs of their nieces, nephews, and grandchildren. And they do it without parental permission in writing. That R.C. 2907.01(H) cuts so broadly shows that it

cannot withstand constitutional scrutiny. And as we did in *Young* when construing R.C. 2907.323(A)(3), we should give a constitutional meaning to the word "nudity" as it is used in R.C. 2907.323(A)(1).

**{¶ 28}** This case is difficult because Martin surreptitiously recorded video of a young girl in a way that suggests he hoped to produce lewd and graphic imagery. But the statute in question goes too far as to the content it proscribes and not far enough regarding the intent of the individual the state seeks to punish. If R.C. 2907.323(A)(1) were limited to apply to those who seek to create child pornography regardless of the moral value of the materials they do create, then perhaps the state's interest in decreasing or eradicating child pornography would justify a definition of "nudity" as broad as the definition set forth in R.C. 2907.01(H).

**{¶ 29}** Respectfully, I dissent.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and April F. Campbell and Carley J. Ingram, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant Public Defender, for appellant.

Michael DeWine, Attorney General, and Eric E. Murphy, State Solicitor, urging affirmance for amicus curiae, Ohio Attorney General.

_____