Pfeifer, J.
Background
{¶ 1} On March 18, 2012, appellant, Terry Lee Martin, surreptitiously recorded an 11-year-old female while she was undressed in a bathroom. Martin was indicted for two felonies: creating nudity-oriented material involving a minor, R.C. 2907.323(A)(1), and possession of criminal tools, R.C. 2923.24(A).
{¶ 2} The parties stipulated that Martin recorded the video at issue, that the person in the video is a minor, that the recording was not “for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose,” R.C. 2907.323(A)(1)(a), and that the girl’s parents had not consented in writing to the creation of the video, see R.C. 2907.323(A)(1)(b). Martin waived his right to a jury trial and was found guilty by the trial court of both felonies charged.
{¶ 3} On appeal, Martin raised one assignment of error—that the trial court had not applied the proper definition of nudity in convicting him of violating R.C. 2907.323(A)(1). The court of appeals affirmed the conviction, 2014-Ohio-3640, 18 N.E.3d 799, and certified that its judgment was in conflict with State v. Graves, 184 Ohio App.3d 39, 2009-Ohio-974, 919 N.E.2d 753, ¶ 9 (4th Dist.) (applying definition of nudity set forth in State v. Young, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988), rev’d on other grounds, Osborne v. Ohio, 495 U.S. 103, 110, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990), for purposes of R.C. 2907.323(A)(3), to R.C. 2907.323(A)(1)). We declined to accept jurisdiction over Martin’s discretionary appeal, 141 Ohio St.3d 1457, 2015-Ohio-239, 23 N.E.3d 1198; however, we determined that a conflict exists and ordered the parties to brief the following issue:
“With respect to R.C. 2907.323(A)(1), which proscribes the creation or production of nudity-oriented material involving a minor, which definition *293 of nudity applies: the statutory definition (R.C. 2907.01(H)), or the narrower definition set forth in State v. Young, 37 Ohio St.3d 249, 525 N.E.2d 1363, which requires additional elements of ‘lewd depiction’ and ‘graphic focus on the genitals?’ ”
141 Ohio St.3d 1452, 2015-Ohio-239, 23 N.E.3d 1194, quoting 2d Dist. Montgomery No. 26033 (Nov. 4, 2014), at 6.
{¶ 4} For the reasons explained below, we conclude that the statutory definition applies, and we therefore affirm the judgment of the court of appeals.
Analysis
{¶ 5} R.C. 2907.323 concerns the illegal use of a minor in nudity-oriented material or performance. R.C. 2907.323(A)(1) provides:
(A) No person shall do any of the following:
(1) Photograph any minor who is not the person’s child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:
(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;
(b) The minor’s parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.
{¶ 6} As stated above, the parties stipulated to facts that eliminate the possibility that the exception created by subsections (a) and (b) applies, to wit, the recording was not made for a proper purpose and was not made with the consent of the minor’s parents. The only issue for review is the certified question, which essentially is: Which definition of nudity applies to R.C. 2907.323(A)(1)?
{¶ 7} R.C. 2907.01 provides:
*294 As used in sections 2907.01 to 2907.38 of the Revised Code:
* * *
(H) “Nudity” means the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full opaque covering of any portion thereof below the top of the nipple.
{¶ 8} Martin argues that the definition enunciated in Young, 37 Ohio St.3d at 252, 525 N.E.2d 1363, which is markedly narrower than R.C. 2907.01(H), should be used. In Young, this court analyzed R.C. 2907.323(A)(3), which—then and now—prohibits possession of materials of the same nature as those described in R.C. 2907.323(A)(1), subject to essentially the same exception. We concluded that the statute does not prohibit the possession of materials that depict mere nudity, which is expression protected by the First Amendment. Young at 251, citing New York v. Ferber, 458 U.S. 747, 765, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), fn. 18. Instead, we concluded that R.C. 2907.323(A)(3) prohibits possession of materials that depict nudity that “constitutes a lewd exhibition or involves a graphic focus on the genitals.” Young at 252.
{¶ 9} Martin argues that the state of nudity recorded in this case does not satisfy the definition of nudity set forth in Young. We agree in that the video is not lewd or focused on the genitals. But Martin also contends that because the Young definition is not met in this case, he cannot be convicted of violating R.C. 2907.323(A)(1). We disagree.

A. Pornography and child-oriented nudity

{¶ 10} “States have broad powers to regulate distribution of obscene material, but not the private possession of it in one’s home.” State v. Tooley, 114 Ohio St.3d 366, 2007-Ohio-3698, 872 N.E.2d 894, ¶ 9, citing Stanley v. Georgia, 394 U.S. 557, 567-568, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). In Stanley, the United States Supreme Court stated that the “right to receive information and ideas, regardless of their social worth * * * is fundamental to our free society.” Stanley at 564. Nevertheless, Stanley does not protect purveyors or possessors of child pornography. State v. Meadows, 28 Ohio St.3d 43, 46, 503 N.E.2d 697 (1986); Osborne, 495 U.S. at 110, 110 S.Ct. 1691, 109 L.Ed.2d 98.
{¶ 11} Pornography is commonly defined to mean “ ‘a depiction (as in writing or painting) of licentiousness or lewdness: a portrayal of erotic behavior designed to cause sexual excitement.’ ” Miller v. California, 413 U.S. 15, 18, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), fn. 2, quoting Webster’s Third New International Dictio *295 nary 1767 (1986). See also Black’s Law Dictionary 1349 (10th Ed.2014) (defining pornography as “[mjaterial (such as writings, photographs, or movies) depicting sexual activity or erotic behavior in a way that is designed to arouse sexual excitement”). The state has not argued or in any way suggested that the child-nudity-oriented material at issue in this case is pornography.
{¶ 12} This case revolves around R.C. 2907.323(A)(1), which prohibits the creation of material showing a child in a state of nudity, whether or not pornographic. We consider the difference between child-nudity-oriented material and child pornography a matter of degree, not of kind. All the state interests that apply to eliminating child pornography apply to eliminating child-nudity-oriented material. Even if child-nudity-oriented material is less harmful to the child depicted than child pornography, it is undeniably harmful. Even if child-nudity-oriented material is less exploitative of a child than child pornography, it is undeniably exploitative. Similarly, child-nudity-oriented material leaves a permanent record that can haunt a child into adulthood and provides an economic incentive to its purveyors and possessors.
{¶ 13} Therefore, it is essential to consider various important and legitimate state objectives that are served by decreasing or eradicating child pornography, including
• protecting the “physiological, emotional and mental health” of children, Ferber, 458 U.S. at 758, 102 S.Ct. 3348, 73 L.Ed.2d 1113;
• preventing exploitation of children, because the distribution of child pornography is “intrinsically related to the sexual abuse of children,” id. at 759 [102 S.Ct. 3348];
• preventing a permanent record of an abused or exploited child, id.; and
• lessening the economic incentives for those who would produce child pornography, Meadows, 28 Ohio St.3d at 49, 503 N.E.2d 697.
{¶ 14} Some of these interests might be sufficient standing alone to outweigh the “exceedingly modest, if not de minimis ” interest in possessing child pornography. Ferber at 762. Regardless, it is indisputable that when considered collectively, these interests far outweigh an individual’s interest in possessing child pornography.
{¶ 15} Martin did not merely possess child-nudity-oriented material—he created it. Young addressed R.C. 2907.323(A)(3), which prohibits the possession or viewing of material that shows a minor in a state of nudity. Young, 37 Ohio St.3d at 251, 525 N.E.2d 1363. Martin was not charged with possessing material that shows a minor in a state of nudity, which implicates First Amendment interests, *296 id.; see Osborne, 495 U.S. at 113-114, 110 S.Ct. 1691, 109 L.Ed.2d 98. Martin was charged with creating a video that shows a minor in a state of nudity. Whatever liberty interest Martin has in creating such material, it is entitled to even less protection than the “exceedingly modest” interest in mere possession of such material.
{¶ 16} We are not aware of any court in the country that has concluded that a person has the right, fundamental or otherwise, to create nudity-oriented material using someone else’s minor child unless it is for a proper purpose and is done with parental consent. The creation of material depicting a nude minor is prohibited by R.C. 2907.323(A)(1), not R.C. 2907.323(A)(3). Given the state interests served by prohibiting the possession of child-nudity-oriented material, it is inconceivable that we would not conclude that the same interests justify a prohibition on creating child-nudity-oriented material.
B. Young versus R.C. 2907.01(H)
{¶ 17} Given the purpose of R.C. 2907.323(A)(1)—preventing the creation of child-nudity-oriented material and the state interests served thereby—as compared to an individual’s negligible interest in creating such material—it is obvious that the nudity proscribed by R.C. 2907.323(A)(1) is not the more narrow lewdness nudity defined in Young. Rather, it is readily apparent that the nudity that R.C. 2907.323(A)(1) refers to is nudity as defined in R.C. 2907.01(H).
Conclusion
{¶ 18} The certified question calls for a simple either/or answer; we answer unequivocally that with respect to R.C. 2907.323(A)(1), the definition of nudity that applies is provided by R.C. 2907.01(H).
Judgment affirmed.
O’Connor, C.J., and O’Donnell, Kennedy, and French, JJ., concur.
Lanzinger, J., dissents, with an opinion.
O’Neill, J., dissents, with an opinion.